504 A.2d 291

Ethelene G. McLARIN, Appellant,

v.

Benjamin L. McLARIN, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 23, 1985.

Filed Jan. 31, 1986.

154

JoAnne C. Betlem, York, for appellant.

Before ROWLEY, OLSZEWSKI and MONTEMURO, JJ.

MONTEMURO, Judge:

This case is before us on appeal from an order entered by the York County Court of Common Pleas, Domestic Relations Division, dismissing appellant's complaint for child support which was filed on June 25, 1984, against her ex-husband, appellee herein.

Appellee filed a complaint in divorce in Maryland[1] which was granted in 1972. The Maryland divorce decree ordered that appellee be charged generally with the support and maintenance of the parties' five children, who were at that time, and have remained, in the custody of appellant. At the time of the filing of the complaint for child support in Pennsylvania, appellant was, as she still is, a resident of California.[2] All prior actions brought by appellant to enforce the child support order had been heard in Maryland and appellee had never been requested to appear in the court of any state other than Maryland in relation to his duty to pay child support. N.T. December 17, 1984, at 5.

Appellee raised an objection that the York County Domestic Relations Court lacks sufficient jurisdiction to enter an order on appellant's complaint initiating an action for child support. Appellee contended that because he is a Maryland resident and domiciliary, the Pennsylvania courts do not have personal jurisdiction over him pursuant to 42 Pa.C.S. § 6704(F) in conjunction with 42 Pa.C.S. § 5301(a)(1)(ii).[3]

1. Before the divorce, the parties last resided in Baltimore, Maryland.

2. There is nothing in the record indicating that appellant, at any time, resided in Pennsylvania.

3. We also note that Pennsylvania may lack jurisdiction in this case pursuant to the pertinent provisions of title 42 of Pennsylvania Consolidated Statutes Chapter 67 and the Reciprocal Enforcement of Support Orders Act. *See also Commonwealth ex rel. Wheeler v. Wheeler,* 274 Pa.Super. 478, 483, 418 A.2d 506, 509 (1980) ("Once the court obtains jurisdiction in a support matter it continues notwithstanding a change of residence by defendant"); and *Commonwealth ex rel. Holzbaur v. Holzbaur,* 185 Pa.Super. 343, 346–47, 138 A.2d 268, 270 (1958). (Where a support order was already entered in New Jersey our court refused to enter another support order de novo,

Both parties agreed that the question of the court's jurisdiction rests on the determination of appellee's domicile at the time of the filing of the complaint against him.[4] The Domestic Relations Court held a hearing on this issue on December 17, 1984. At the conclusion of the hearing, appellee was ordered to submit copies of his 1983 State and Federal tax returns.

On March 15, 1985, the hearing court entered an order dismissing appellant's complaint due to lack of personal jurisdiction over appellee.

Appellant raises three issues on appeal: (1) does the appellee's filing of a Pennsylvania State Income Tax return as a Pennsylvania resident establish residency for the purposes of jurisdiction in a support action; (2) does the evidence considered as a whole support the appellee's allegations of a Maryland domicile, and (3) are defendant's (appellee's) allegations as to his domicile credible.[5]

We will address appellant's second issue first. At the hearing, appellee and his new wife were questioned extensively by the attorneys for both parties. Appellee testified that he was divorced from appellant in Maryland in 1971, the same year he retired from the Navy, and has resided in Maryland ever since. Appellee's employment involves on-site installation of pumps at various locations across the U.S. and abroad. This employment requires appellee to spend the majority of his time traveling. He testified that in the year prior to this support action, he spent five months overseas and had also spent considerable time, that year, traveling within this country. Appellee owns 2.5 acres of property adjacent to the home of his mother in Glen Burnie, Maryland. He testified that he resided with his mother for four to five years and for the last two to three years has lived with either his girlfriend, a Maryland resident, or his

quoting the court below, our court stated that to do so "would place an unfair, excessive and undue burden on this defendant").

4. 42 Pa.C.S. 5301(a)(1)(ii).

5. We have reviewed these issues without the benefit of a brief on appellee's behalf.

mother. The record establishes that appellee's automobile is registered in Maryland, he has a Maryland driver's license and is a registered voter there. He also has a bank account in Maryland, married his second wife there and has paid Maryland taxes.

The record also reflects that in 1978 appellee purchased a tree farm, for investment purposes, in Pennsylvania. His farm has a dwelling on the property. Appellee testified that he visits the property and stays overnight anywhere from twenty-five (25) to forty (40) times a year. Appellee's children have visited the farm only three times since its acquisition. The farm residence has a working telephone, but the home is not fully furnished, no perishable food is stored there and the refrigerator is shut off. After every visit appellee drains the pipes and shuts off the water.

The record also shows that appellee maintains a bank account, along with a post office box near the farm in Hanover, Pennsylvania. Appellee has also filed Pennsylvania State tax returns for three (3) or four (4) years. Appellee's 1983 tax return lists his full-year residence as Pennsylvania. In a letter to the trial court appellee's attorney stated that appellee's Pennsylvania address was also used on his 1983 Federal Income Tax return.

It is well established in this Commonwealth that domicile once shown to exist is presumed to continue until another domicile is affirmatively proven. The burden of proving this change of domicile rests with the party asserting the change. This burden entails proving by clear and convincing evidence, residence in a new locality with intent to make that residence a permanent home coupled with the manifested intent of abandoning the former domicile. *In re McKinley's Estate,* 461 Pa. 731, 337 A.2d 851 (1975); *In re Obici's Estate,* 373 Pa. 567, 97 A.2d 49 (1953); *Zinn v. Zinn,* 327 Pa.Super. 128, 475 A.2d 132 (1984).

Appellant argues that Pennsylvania is appellee's domicile and has been since 1978 when appellee purchased the farm. Appellant relies on the fact that, appellee uses

his Post Office Box address in Hanover, PA, maintains a bank account there and visits his seventy thousand dollar ($70,000) farmhouse on the average 30 times a year, as support for this contention. We find this contention to be contrary to the evidence before us. We find the record establishes that appellee has been domiciled in Maryland since 1971. Appellant has not proved that the Maryland domicile was abandoned in 1978 for one in Pennsylvania. It is true, as appellant asserts, that self-serving testimony unsupported by acts in accordance with these declarations are not conclusive and conduct is a better determinative of domicile. *Commonwealth ex rel. Fortney v. Bobrofskie*, 329 Pa. 44, 196 A. 489 (1938). But here appellee's conduct supports his testimony. Appellee does not use the farm house as his address in Pennsylvania, he uses his post office box. The home is only partially furnished, contains no perishable food and is closed up every time appellee leaves. Appellee explained that on the advice of his accountant, in order to save money, he filed Pennsylvania tax returns. He owns property in Maryland, his family is in Maryland and his driver's license and vehicle registration are from Maryland. He has never given the Navy his Pennsylvania farm or post office box address and he has always maintained bank accounts in Maryland. We believe the evidence shows appellee has acquired new contacts and relationships in Pennsylvania but has never severed his ties with Maryland. We find that appellee has retained continual domicile in Maryland; hence the burden rests with appellant to prove by clear and convincing evidence that appellant intended to change his domicile to Pennsylvania.

In *Stambaugh v. Stambaugh*, 458 Pa. 147, 329 A.2d 483 (1974), our supreme court was faced with a factually similar situation where the husband had moved from Philadelphia to Florida, his adopted domicile, but his business remained in Philadelphia. He had a bank account in Florida and had registered to vote and registered his automobile there. He still had many contacts with Pennsylvania. He maintained a bank account, several charge accounts and club member-

ships here. He also leased an apartment in Philadelphia, which he occupied when not in Florida. He also filed his personal federal income tax returns from Pennsylvania. The *Stambaugh* court held that "[i]t is well settled, though, that a person may maintain business interests outside the state of his domicile and in fact live outside of his domiciliary state as long as he possesses the requisite intention to return to that state." *Id.*, 458 Pa. at 152–53, 329 A.2d 483, 486. The supreme court in *Stambaugh* affirmed our court's determination that Florida was the domicile of the husband.

Similarly we hold that appellee's business contacts with Pennsylvania are not clear and convincing evidence that appellee intended to change his domicile to Pennsylvania nor have these business contacts established appellee's intention to abandon Maryland as his domicile.

Appellant also argues that appellee, by filing a Pennsylvania State Income Tax return as a Pennsylvania resident subjects himself to the jurisdiction of our courts. This contention has no support in law. A line of our supreme court cases has held that declaring a particular state as your residence for tax purposes and paying taxes in that state does not make that state your legal domicile absent the other requirements of legal domicile. *Stambaugh, supra; Stabile Registration Case*, 348 Pa. 587, 36 A.2d 451 (1944); *Commonwealth ex rel. Fortney v. Bobrofski, supra; Dorrance's Estate*, 309 Pa. 151, 163 A. 303 (1932). Hence, we find appellant's argument meritless.

Lastly appellant argues that appellee's assertions of Maryland domicile are not credible. In essence appellant argues that appellee is a dishonest person whose testimony before the trial court was riddled with lies. Appellant states in her brief, at page 13, that appellee is defrauding the federal government by claiming undeserved deductions on his tax returns, and also violating state laws in Maryland and Pennsylvania by failing to pay county income taxes. Appellant goes on to cite other examples of appellee's behavior and statements which she contends lend credence

to her assertion of appellee's lack of credibility. Appellant's brief at 12–13.

■ Since the issue of domicile is a mixed question of law and fact, it is reviewable by our appellate courts. *Stambaugh, supra; Smith v. Smith*, 364 Pa. 1, 70 A.2d 630 (1950). Here appellant is challenging the credibility of the appellee as a witness. Although the Superior Court has been mandated to review issues of domicile, in the framework of this appellant's argument, we can defer to the determinations of the hearing court. The trier of fact is the sole judge of credibility and upon review we will not usurp this function of the lower court judges. *In re Adoption of B.D.S.*, 494 Pa. 171, 431 A.2d 203 (1981); *Wilson v. Benjamin*, 332 Pa.Super. 211, 481 A.2d 328 (1984). The hearing court in this case found appellee's testimony to be credible and convincing, holding that appellee was domiciled in Maryland at the time of the filing of the complaint against him. We agree and accordingly affirm the order of the trial court.

Order affirmed.