610 A.2d 484

UNITED CAROLINA BANK, Appellant,

v.

Domenic MARTOCCI and Helen Martocci, Appellees.

Superior Court of Pennsylvania.

Submitted Jan. 21, 1992.

Filed July 7, 1992.

Edward H. McGee, Allentown, for appellant.

Angelo T. Almonti, Allentown, for appellees.

Before McEWEN, BECK and KELLY, JJ.

KELLY, Judge:

In this Opinion, we are called upon to determine whether the trial court properly granted the appellees', Domenic and Helen Martocci's, preliminary objection which asserted that the trial court lacked subject matter jurisdiction over the appellant-bank's, United Carolina Bank's, petition to fix the fair market value of property located in North Carolina brought pursuant to the Deficiency Judgment Act, 42 Pa. C.S.A. § 8103 *et seq.* We affirm.

The relevant facts and procedural history are as follows. On July 18, 1989, the appellees, residents of Pennsylvania, borrowed $104,000.00 from the appellant-bank. The loan was secured by a mortgage note the appellees executed in favor of the appellant-bank on a condominium they owned in Brunswick County, North Carolina. The appellees subsequently defaulted on the mortgage note. Because the appellees defaulted, the appellant-bank petitioned the clerk of the Superior Court of Brunswick County, North Carolina for the public sale of the property. The clerk of the Superior Court of Brunswick County, North Carolina, authorized the public sale of the property. The public sale was held. The appellant-bank's bid of $104,000.00 was the last and highest bid. After the public sale of the property, the appellant-bank maintained that the appellees still owed it $15,370.15 in costs and interests; however, the appellant-bank instituted no proceedings in North Carolina to obtain a deficiency judgment against the appellees.

In an effort to recover the $15,370.15, the appellant-bank filed a petition to fix the fair market value of the property at $104,000.00 in the Common Pleas Court of Lehigh County. The appellees subsequently filed a preliminary objection to the petition to fix the fair market value of the

property at $104,000.00 arguing that because the property was located in Brunswick County, North Carolina, the trial court did not have subject matter jurisdiction over the petition. The appellees asserted that pursuant to the Deficiency Judgment Act, the appellant-bank must bring its petition to fix the fair market value of the property at $104,000.00 in the jurisdiction where the property was located. The trial court agreed with the appellees' argument and the distinguished trial judge, the late Honorable David E. Mellenberg, entered an order denying the appellant-bank's petition to fix the fair market value of the property at $104,000.00 and dismissed the complaint. This timely appeal followed.

On appeal, the appellant-bank raises two issues for our review:

A. WHETHER THE PENNSYLVANIA COURT OF COMMON PLEAS IN THE COUNTY WERE DEFENDANTS RESIDE HAS JURISDICTION TO HEAR AN ACTION BROUGHT TO ENFORCE A JUDGMENT ENTERED IN NORTH CAROLINA?

B. WHETHER THE CASE SHOULD BE TRANSFERRED TO NORTH CAROLINA IF IT IS DETERMINED THAT THE COURT OF COMMON PLEAS OF PENNSYLVANIA HAS NO JURISDICTION?

(The Appellant–Bank's Brief at 4).

The appellant-bank, in its first issue on appeal, contends that the trial court erred in determining that it did not have subject matter jurisdiction over the appellant-bank's petition to fix the fair market of the property located in Brunswick County, North Carolina. The appellant-bank argues that because the appellees are residents of Pennsylvania, the petition to fix the fair market value of the property may properly be brought here. The appellant-bank asserts that under the Full Faith and Credit Clause of Article IV of the United States Constitution, the trial court is compelled to entertain the appellant-bank's petition to fix the fair market value of the property in order to allow it to

recover the balance of the money purportedly still owed to it by the appellees.

The jurisdiction of the court over the subject matter can be raised at any time. *Tops Apparel Mfg. Co. v. Rothman*, 430 Pa. 583, 244 A.2d 436 (1968). Neither silence, nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Hafer v. Schauer*, 429 Pa. 289, 239 A.2d 785 (1968); *Pulluim v. Laurel School District*, 316 Pa.Super. 339, 462 A.2d 1380 (1983). In determining whether the trial court has subject matter jurisdiction, we must first look to Pennsylvania law. *Barndt v. Barndt*, 397 Pa.Super. 321, 326, 580 A.2d 320, 322 (1990).

The Deficiency Judgment Act provides as follows:

"Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, *the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold.* The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered."

42 Pa.C.S.A. § 8103(a) (emphasis added).

In *Dearnley v. Survetnick*, 360 Pa. 572, 63 A.2d 66 (1949), our Supreme Court stated that under the Deficiency Judgment Act a petition to fix the fair market value of property should be addressed to the court "having jurisdiction." The court further stated,

"This cannot reasonably be construed as referring to any court other than that where the sale of the property was held. A judgment might be entered against an obligor on his bond in any court of the Commonwealth or even in another State where defendant might reside, and it obviously would be impractical and undesirable to have the value of the property appraised in such other jurisdiction;

it is where the property is situated, and by the court in which it was sold on foreclosure, that its value can best be determined."

*Id.*, 360 Pa. at 576, 63 A.2d at 69. Accordingly, the trial court properly followed our Supreme Court's instructions and determined that it did not have subject matter jurisdiction over the appellant-bank's petition to fix the fair market value of property in Brunswick County, North Carolina.

 Moreover, the appellant-bank's claim that under the Full Faith Credit Clause of Article IV of the United States Constitution, the trial court is compelled to entertain the appellant-bank's petition to fix the fair market value of the property in order to permit it to recover the balance of the money allegedly still owed by the appellees is without merit. It is well settled that under the Full Faith and Credit Clause of the United States Constitution, a judgment rendered by a sister state in which the sister state court had jurisdiction over both the subject matter and the parties, it is entitled to the same faith and credit, validity and effect in Pennsylvania as the judgment has in the rendering sister state. *Stewart v. Stewart*, 127 Pa.Super. 567, 576, 193 A. 860, 864 (1937); *Natovitz v. Robinson*, 64 Montg. 79, 63 D.C. 334 (1948); 42 Pa.C.S.A. § 4306. In a proceeding to enforce a decree rendered by a sister state court of competent jurisdiction, full faith and credit must be given to such decree. *In re Stewart's Estate*, 334 Pa. 356, 5 A.2d 910 (1939). Ordinarily, a judgment for the payment of money will not be enforced in another state unless it is a final judgment for a specific amount of money. *Everson v. Everson*, 494 Pa. 348, 431 A.2d 889 (1981).

Instantly, the North Carolina decree relied upon the appellant-bank as its basis for filing the petition to fix the fair market value of the property in Lehigh County only authorized the judicial sale of the property. The North Carolina decree did not enter a deficiency judgment or monetary judgment against the appellees. As the validity and effect of the decree in the rendering state (North Carolina) was merely the authorization of the public sale of the property,

only public sale of the property itself must be given full faith and credit recognition by the courts of this Commonwealth. The appellant-bank is not permitted to attach any deficiency claims it may have against the appellees to the North Carolina decree authorizing the public sale of the appellees' property for enforcement here. *See Meco Realty Co. v. Burns*, 414 Pa. 495, 497–98, 200 A.2d 869, 871 (1964) (a judgment in a mortgage foreclosure action is in rem and imposes no personal liability upon the mortgagors against whom the judgment is obtained).

 The appellant-bank's second issue on appeal is that the trial court erred in not transferring its petition to fix the fair market value of the property to a North Carolina court. The appellant-bank argues that under the doctrine of *forum non conveniens*, a matter should not be dismissed unless an alternative appropriate forum exists for the plaintiff. The appellant-bank asserts that the trial court erred in failing to determine whether the plaintiff may still proceed in North Carolina before dismissing the petition to fix market value of the property.

Pa.R.C.P. 213(f) provides, in pertinent part as follows: (f) When an action is commenced in a court which has no jurisdiction over the subject matter of the action it shall not be dismissed if there is another court of appropriate jurisdiction within the Commonwealth in which the action could originally have been brought but the court shall transfer the action at the cost of the plaintiff to the court of appropriate jurisdiction.

Here, neither the Common Pleas Court of Lehigh County nor any other court in this Commonwealth has subject matter jurisdiction over the appellant-bank's petition to fix fair market value. *See Dearnley v. Survetnick, supra.* Additionally, Pa.R.C.P. 213(f) does not authorize the courts of this Commonwealth to effectuate the interstate transfer of this matter to the courts of North Carolina. Thus, the trial court properly dismissed the appellant-bank's petition to fix the fair market value. *Cf. Bliss v. Bliss*, 343 Pa.Super. 17, 493 A.2d 780 (1985) (Pa.R.C.P. 1006(d) pro-

vides for a change of venue in support actions, but permits transfers only between the courts of the several counties of Pennsylvania and does not purport to sanction interstate transfers).

Based upon the foregoing, the trial court's order dismissing the appellant-bank's petition to fix the fair market value of property located in North Carolina is affirmed.

Order affirmed.