668 A.2d 546

Colonel Vincent BERNHARD, Appellant,

v.

Kathryn A. BERNHARD, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 26, 1995.

Filed Dec. 5, 1995.

120

George A. Gallenthin, Doylestown, for appellant.

Before KELLY, JOHNSON and CERCONE, JJ.

KELLY, Judge.

In this appeal we are asked to determine whether the trial court properly sustained the preliminary objections of appellee Kathryn Bernhard ("Wife") and dismissed appellant Colonel Vincent Bernhard's ("Husband") complaint in divorce. Specifically, we must decide whether Husband, a serviceman, abandoned his Pennsylvania domicile for a new domicile in Mary-

land, and thus, whether the trial court had subject matter jurisdiction over the divorce action. For the reasons set forth below, we hold that the trial court erred in concluding that Husband had acquired a new domicile and that the court, therefore, lacked subject matter jurisdiction. Accordingly, we reverse and remand for proceedings consistent with this opinion.

The relevant facts and procedural history underlying this appeal are as follows. Husband is currently an active member of the military and has been since May of 1970. Upon entering the U.S. Army in 1970, Husband selected his parents' address of Ivyland, Bucks County, Pennsylvania as his home of record. Husband and Wife were married in Philadelphia, Pennsylvania, on July 4, 1970. The parties resided in Pennsylvania until Husband was called to active duty in 1971. Since that time, they have resided in Virginia, Kentucky, Maryland, Pennsylvania, Germany, and Korea because of military assignment.

Husband and Wife have two adult children, both of whom were born in Germany while the family was stationed there. Both children attended Pennsylvania colleges and the son was entitled to an in-state tuition rate. In 1979, the parties purchased a home in Prince George's County, Maryland, where they resided except for the time periods when Husband was stationed elsewhere. Husband is currently stationed at the Pentagon in Washington, D.C. and resides in Alexandria, Virginia. Wife currently resides in the Maryland residence.

Husband left the marital residence on June 10, 1994, and filed a complaint in divorce on June 16, 1994, in the Bucks County Court of Common Pleas. The complaint was sent to Wife by certified mail, and proper service of the complaint is disputed. Wife filed a complaint in divorce in Prince George's County, Maryland, on July 1, 1994, which was personally served on Husband on July 14, 1994. Husband filed a petition to determine jurisdiction of the Bucks County Court of Common Pleas on July 7, 1994, and a petition for injunction to restrain Wife from pursuing her Maryland divorce on July 12, 1994. A hearing was held before the Honorable Michael J.

Kane on August 2, 1994, following which the court denied Husband's request for an injunction.

On August 19, 1994, Wife filed preliminary objections to Husband's divorce complaint asserting, *inter alia,* that Maryland was the proper forum for the parties' divorce action. On September 8, 1994, a hearing was held in Maryland before Julia B. Wetherly, Master for Domestic Relations. After questioning both parties, the Master determined that Maryland did have jurisdiction over the family for purposes of divorce and support, and the Master entered a temporary support order. After reviewing the entire record, the Bucks County Common Pleas Court granted Wife's preliminary objections and dismissed Husband's complaint in divorce. This timely appeal followed.

Husband raises the following issue for our review:

WHETHER THE HONORABLE TRIAL COURT RESPECTFULLY ERRED IN ENTERING ITS THURSDAY, 19 JANUARY 1995, ORDER WHEREIN THE SAID COURT FOUND LACK OF SUBJECT MATTER JURISDICTION OVER THE CONSOLIDATED COMPLAINT IN DIVORCE? [1]

Husband's Brief at 4.

When a party raises preliminary objections challenging subject matter jurisdiction, the trial court's function is to determine whether the law will bar recovery because of the lack of such jurisdiction. *Philadelphia Housing Authority v. Barbour,* 405 Pa.Super. 140, 143, 592 A.2d 47, 48 (1991), *affirmed,* 532 Pa. 212, 615 A.2d 339 (1992) (citations omitted). "The action or inaction of the parties cannot bestow subject matter jurisdiction upon a court that otherwise lacks it." *Clay v. Advanced Computer Applications,* 370 Pa.Super. 497, 504, 536 A.2d 1375, 1379 (1988) (*en banc* ), *modified,* 522 Pa. 86, 559 A.2d 917 (1989) (citations omitted). Therefore, our rules of civil procedure provide that either party, or the court *sua sponte,* can raise the lack of subject matter jurisdiction at any

1. We have reviewed this issue without the benefit of a brief on Wife's behalf.

time. *Id.* (citing former Pa.R.Civ.P. 1032(2)); *United Carolina Bank v. Martocci,* 416 Pa.Super. 16, 20, 610 A.2d 484, 486 (1992); *Barndt v. Barndt,* 397 Pa.Super. 321, 325, 580 A.2d 320, 322 (1990).

Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject-matter in a given case. . . . Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect.

*Rieser v. Glukowsky,* 435 Pa.Super. 530, 535, 646 A.2d 1221, 1223 (1994) (quoting *Mintz v. Mintz,* 83 Pa.Super. 85, 88 (1924)). The trial court has jurisdiction if it is competent to hear and determine controversies of the general nature of the matter involved *sub judice. Id.* at 536, 646 A.2d at 1224 (citations omitted). "Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case." *Id.* (citations omitted). When determining whether the trial court has subject matter jurisdiction, we must look first to Pennsylvania law. *United Carolina Bank v. Martocci, supra* (citing *Barndt v. Barndt, supra* ). In order to make our determination of subject matter jurisdiction, we must now turn to the relevant section of the Pennsylvania Divorce Code.

The Pennsylvania Divorce Code provides in pertinent part as follows:

§ 3104.  **Bases of jurisdiction**

(a) **Jurisdiction.**—The court shall have original jurisdiction in cases of divorce and for the annulment of void or voidable marriages and shall determine, in conjunction with any decree granting a divorce or annulment, the following matters, if raised in the pleadings, and issue appropriate decrees or orders with reference thereto, and may retain continuing jurisdiction thereof:

(1) The determination and disposition of property rights and interests between spouses, including any rights created by any antenuptial, postnuptial or sepa-

ration agreement and including the partition of property held as tenants by the entireties or otherwise and any accounting between them, and the order of any spousal support, alimony, alimony pendente lite, counsel fees or costs authorized by law.

(2) The future care, custody and visitation rights as to children of the marriage or purported marriage.

(3) Any support or assistance which shall be paid for the benefit of any children of the marriage or purported marriage.

(4) Any property settlement involving any of the matters set forth in paragraphs (1), (2) and (3) as submitted by the parties.

(5) Any other matters pertaining to the marriage and divorce or annulment authorized by law and which fairly and expeditiously may be determined and disposed of in such action.

(b) **Residence and domicile of parties.**—No spouse is entitled to commence an action for divorce or annulment under this part unless at least one of the parties has been a bona fide resident in this Commonwealth for at least six months immediately previous to the commencement of the action. Both parties shall be competent witnesses to prove their respective residence, and proof of actual residence within this Commonwealth for six months shall create a presumption of domicile within this Commonwealth.

23 Pa.C.S.A. § 3104(a) and (b).

The term 'domicile' has been defined in this Commonwealth as:

... the place in which, both in fact and intent, the home of a person is established without any purpose to return to a former home; the place where he lives, in distinction from that where he transacts his business; the place where he chooses to abide, in distinction from that in which he may be for a temporary purpose....

*Scoggins v. Scoggins,* 382 Pa.Super. 507, 523–24, 555 A.2d 1314, 1323 (1989) (quoting *Wallace v. Wallace,* 371 Pa. 404, 410–11, 89 A.2d 769, 771 (1952)).

█ Because the issue of domicile is a mixed question of law and fact, it is reviewable by our appellate courts. *Greenwood v. Hildebrand,* 357 Pa.Super. 253, 258, 515 A.2d 963, 965 (1986), *allocatur denied,* 515 Pa. 594, 528 A.2d 602 (1987) (citing *Stambaugh v. Stambaugh,* 458 Pa. 147, 329 A.2d 483 (1974); *McLarin v. McLarin,* 350 Pa.Super. 153, 504 A.2d 291 (1986)). *See also Boswell v. South Carolina Insurance Company,* 353 Pa.Super. 108, 118, 509 A.2d 358, 363 (1986). In *McLarin v. McLarin, supra,* this Court stated,

> [i]t is well established in this Commonwealth that domicile once shown to exist is presumed to continue until another domicile is affirmatively proven. The burden of proving this change of domicile rests with the party asserting the change. This burden entails proving[,] by clear and convincing evidence, residence in a new locality with intent to make that residence a permanent home coupled with the manifested intent of abandoning the former domicile.

*McLarin v. McLarin, supra* at 157, 504 A.2d at 293 (citations omitted). *See also Greenwood v. Hildebrand, supra* at 259, 515 A.2d at 965–66; *Zinn v. Zinn,* 327 Pa.Super. 128, 130, 475 A.2d 132, 133 (1984); *McCauley v. McCauley,* 184 Pa.Super. 361, 366, 134 A.2d 684, 687 (1957).

█ The terms domicile and residence are not interchangeable; whereas residence is a physical fact, domicile is a matter of intention. *Greenwood v. Hildebrand, supra; Boswell v. South Carolina Insurance Company, supra* at 116, 509 A.2d at 362. Except where permitted to live off-base, people in the military have no choice in where they reside, hence in domicile. *Id.* at 119, 509 A.2d at 363–64; *Zinn v. Zinn, supra* at 131, 475 A.2d at 133. Therefore, a service person's domicile is presumed not to change from that person's domicile at the time of enlistment. *Boswell v. South Carolina Insurance Company, supra; Zinn v. Zinn, supra.* Additionally, the fact that the service person is on active duty outside of Pennsylvania during the requisite six-month period is of no consequence.

*McCauley v. McCauley, supra.* "Military service supplies the one exception to the rule requiring residence within the Commonwealth for at least [six months]." *McCauley v. McCauley, supra* (citing *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938)). Military personnel may acquire a new domicile, however, if the circumstances demonstrate an intent to abandon the original and adopt the new domicile. *Wallace v. Wallace, supra* at 410, 89 A.2d at 771; *Boswell v. South Carolina Insurance Company, supra* (citing *Zinn v. Zinn, supra* ).

■ "Thus, 'it seems that a person's domicile is increasingly being determined by close scrutiny of his subjective intentions or state of mind as to whether or not he considers a particular place to be his home.'" *Scoggins v. Scoggins, supra* at 524, 555 A.2d at 1323 (quoting *McKenna v. McKenna,* 282 Pa.Super. 45, 50, 422 A.2d 668, 670 (1980)). "Therefore, '[i]ntent, being purely subjective, must to a large extent be determined by the acts which are manifestations of the intent.'" *Scoggins v. Scoggins, supra* (quoting *Wallace v. Wallace, supra* at 409, 89 A.2d at 771).

■ The record reveals that both parties were born in the Commonwealth of Pennsylvania. Husband attended grade school, high school, and college in Pennsylvania. Upon entering the military, Husband selected his parents' address of Ivyland, Bucks County, Pennsylvania, as his legal home of record. The parties were married in Pennsylvania and resided in the Commonwealth until Husband was called to active duty. Both parties have retained Pennsylvania drivers' licenses, and neither party has ever secured a license from any other state, and specifically not from Maryland. In 1992, both parties registered to vote and voted for the first time in Pennsylvania. Neither party has voted or registered to vote in any other state, and specifically not in Maryland. Finally, we note that the parties' son received an in-state tuition rate at a Pennsylvania state college based solely on the documentation of Husband's "permanent home-of-record" as Pennsylvania.

128

The trial court placed great reliance on the fact that the parties had purchased a house and had been residing in Maryland for fifteen years at the time of separation. Trial Court Opinion, April 20, 1995, at 3. The court noted that the parties' motor vehicles were all registered in Maryland and insured under a Maryland policy. The parties also maintained bank accounts in Maryland and listed the Maryland address on their 1993 Federal Income Tax Return. Because there is no question that Husband resided in Maryland for the majority of time between 1979 and 1994, the sole issue is whether Wife has demonstrated by clear and convincing evidence that Husband had the requisite intent to relinquish his Pennsylvania domicile and establish a new domicile in Maryland. *See Wallace v. Wallace, supra* at 407, 89 A.2d at 770. We conclude that Wife has failed to meet that burden. *See Nixon v. Nixon,* 329 Pa. at 268–69, 198 A. at 160–61 (holding that serviceman's wife did not prove husband had relinquished his Pennsylvania domicile to establish a new domicile in Washington, D.C., even though he had purchased a house in Washington, paid taxes to the District of Columbia, and obtained a District of Columbia driver's license).

While marital residence is a factor, it is only one of many considerations taken into account when determining domiciliary intent. *See Wallace v. Wallace, supra; Nixon v. Nixon, supra; McLarin v. McLarin, supra; Zinn v. Zinn, supra.* This is especially true in cases involving military persons when coupled with the presumption that the person does not relinquish his home of record merely by purchasing a house off-base from his station. *See Nixon v. Nixon, supra.*

After weighing all of the evidence on both sides of the equation, we conclude that Husband did not intend to abandon his Pennsylvania domicile when he purchased and lived in the Maryland residence. Nor has Wife proven by clear and convincing evidence that it was Husband's intent to establish a new domicile in Maryland. Therefore, we hold that Husband's domicile remains in Pennsylvania contrary to the trial court's erroneous finding that Husband had acquired a new domicile in Maryland. Moreover, we hold that the Court of Common

Pleas of Bucks County has subject matter jurisdiction over Husband's complaint in divorce pursuant to 23 Pa.C.S.A. § 3104.

Because the trial court did not address the remaining issues in Wife's preliminary objections,[2] nor do we reach the merits of those issues here, we must reverse and remand this case to the trial court for proceedings consistent with this opinion.

Reversed and remanded. Jurisdiction relinquished.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting opinion.

Because I find no error in the trial court order sustaining Wife's preliminary objections and dismissing Husband's complaint, I must respectfully dissent.

When this Court is reviewing the factual determinations of the trial court, it is well-established that "it is not within our province to find facts or to substitute our judgment for that of the trial court." *Hodges v. Rodriguez,* 435 Pa.Super. 360, 366, 645 A.2d 1340 (1994). In addition, the determination that a person intends to establish a new domicile can only be made by evaluating his actions which manifest that intent. *Scoggins v. Scoggins,* 382 Pa.Super. 507, 523, 555 A.2d 1314, 1323 (1989).

The Honorable Judge Michael J. Kane received testimony and reviewed the transcripts of testimony taken in the Maryland proceedings and made the following findings of fact: First, Husband has been in the military since 1970. Husband and Wife purchased their Maryland home in 1979, and they have owned that residence for fifteen years. While Husband was stationed in Maryland and Virginia, the parties lived in that home. Even when Husband was transferred out of the country, the parties retained ownership of the home, and they returned to it when Husband was reassigned to a nearby post. In addition, throughout that fifteen-year period, Husband and

---

2. Wife also alleges 1) that the trial court does not have *in personam* jurisdiction based on improper service; 2) improper venue; 3) *forum non conveniens;* 4) failure of the complaint to conform to the rules of court; and 5) failure to plead with the required specificity.

Wife have maintained Maryland bank accounts, and they have registered and insured their automobiles in Maryland. The parties also listed the Maryland home as their residence with the IRS, and consistently maintained the Maryland address as their residence on all other correspondence. Finally, the trial court noted that, during the marriage Husband voted once in Carlisle, Pennsylvania and he conveniently changed his voter's registration to Bucks County on the day of the initial divorce hearing in Bucks County. Based upon these factual findings, Judge Kane concluded that Husband had changed his domicile from Pennsylvania to Maryland sometime after the parties purchased their home in 1979.

The Majority, however, quickly disregards these factual findings. Instead, the Majority reviews the same record and concludes that Husband has not abandoned his Pennsylvania domicile. In reaching this determination, the Majority focuses on the fact that Husband attended grade school, high school, and college in Pennsylvania, and the fact that the parties were married in Pennsylvania. Further, neither party has a Maryland driver's license, nor has either party ever voted in Maryland. Finally, the Majority finds support in the fact that the parties' son attends a Pennsylvania college with an in-state tuition rate. In my view, an evaluation of Husband's actions as evidenced by these facts does not compel the conclusion that he intended to retain a Pennsylvania domicile. First, both Husband's schooling and the parties' marriage occurred before 1979, the date that they purchased the Maryland home. Also, the Pennsylvania driver's license has been renewed by mail and lists the Maryland address, thus sparing the parties the inconvenience of taking another driving test. Also, I cannot conclude that one instance of voting in Pennsylvania, while Husband was stationed in this state, proves that Husband intended to re-affirm his Pennsylvania domicile. Finally, the son has obtained in-state tuition solely based upon Husband's army records. The college did not independently investigate the son's actual domicile. If it had, it likely would have concluded, as I have, that the entire family is domiciled in Maryland, their home of the last fifteen years.

Moreover, the Majority relies on dicta in a 1938 decision, *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154, to support its conclusion that Wife did not meet her required burden of proof to establish that Husband intended to change his domicile. I find this reliance to be misplaced. The court in *Nixon* was not convinced that husband had changed his domicile based upon the fact that he had purchased a house outside the state. However, the parties in that case did not have the long history that Vincent and Kathryn Bernhard have established of returning to their Maryland home several times over a long period, coupled with the additional facts as found by the trial court and listed above. I am concerned that in reaching its conclusion the Majority has simply substituted its judgment for that of the trial court by placing greater emphasis on extraneous facts. This is not the proper function of this Court. *Hodges, supra*.

The Majority fails to explain how Judge Kane has committed error in his analysis or in reaching his conclusion that Husband has changed his domicile. Judge Kane found that the established facts clearly support the conclusion that Husband intended to establish a new domicile in Maryland and abandon his former one in Pennsylvania. After evaluating the trial court's factual findings to determine whether Husband intended to establish a new domicile, and finding support for those findings in the record, I would agree with Judge Kane's conclusion. Accordingly, I would hold that the trial court did not err in sustaining Wife's preliminary objections and dismissing Husband's complaint. Hence, this dissent.