J-S05026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF ANDREW J. MILLIGAN, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: LAUREN MILLIGAN | : | |
| | : | No. 2310 EDA 2024 |

Appeal from the Order Entered August 20, 2024
In the Court of Common Pleas of Chester County Orphans' Court at
No(s):  15-23-2754

BEFORE:   BOWES, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 18, 2025**

Lauren Milligan (Appellant) appeals from the orphans' court's order concluding that jurisdiction of this matter lies in the State of Florida, and not in the Commonwealth of Pennsylvania.  After careful consideration, we agree and affirm the orphans' court's order.

As explained by the orphans' court,

Andrew J. Milligan (Decedent) died on November 6, 2023, in Florida.  Decedent was survived by his wife, Rita Maloney Milligan (Rita), and his four children: [Appellant], Kelly Frances Joseph (Kelly), Devon Kathryn Milligan (Devon), and Andrew Milligan, III (Andrew).

Orphans' Court Opinion, 8/20/24, at 1 (punctuation modified).  The orphans' court found that

---

* Former Justice specially assigned to the Superior Court.

[o]n January 24, 2014, Decedent executed a Will and a Revocable Deed of Trust. The Will appointed Rita as Executor.

In 2015, Decedent obtained a Florida driver's license listing his address as 5880 Three Iron Drive 803, Naples, Florida. In 2015, Decedent registered to vote in Florida. From 2015 to 2020, Decedent filed his 1040 Individual Tax Returns as a resident of Florida. From 2015 to 2020, Decedent filed his PA-40 Individual Tax Returns as a non-resident of Pennsylvania, listing a Florida address.

….

The Certificate of Death issued by the State of Florida on November 21, 2023, states that Decedent's place of death was Memory Care of Naples, Florida.

At the time of his death, Decedent did not own real estate in Pennsylvania or Florida; he owned an interest in a Limited Liability Company [(the LLC),] which owned Pennsylvania real estate.

*Id.* at 2 (footnotes and some paragraph breaks omitted).[1]

The orphans' court described what next transpired:

On November 29, 2023, [Appellant] filed a Petition for Letters of Administration in the Register of Wills of Chester County, Pennsylvania.[2] No [w]ill was presented for probate. On January 10, 2024, [Appellant] was appointed Administrator of Decedent's Estate.

On January 22, 2024, Rita filed a Petition for Administration with the Clerk of the Circuit Court of Collier, Florida, requesting

---

[1] The orphans' court additionally noted that on September 21, 2020, Decedent executed a codicil to his will. Orphans' Court Opinion, 8/20/24, at 2. However, the orphans' court stated, "Decedent's capacity to execute the Codicil is in dispute. The [orphans' court] has not considered the Codicil in its holdings." *Id.* at 2 n.2.

[2] As we discuss *infra*, Appellant's petition for letters of administration listed a Florida address for Decedent. Petition for Letters, 11/29/23, at 1 (unpaginated).

that a Will dated January 24, 2014, and a Codicil dated September 1, 2020, be admitted to probate, and that she be appointed as Executor of Decedent's Estate. [FN1]

---

[FN1] Rita contends that on December 14, 2023, a Will and Codicil executed by Decedent were deposited with the Circuit Court of Collier, Florida.

---

On January 26, 2024, Rita filed a Petition *Sur* Appeal from the Decree of the Register of Wills of Chester County and for a Rule to Show Cause why [Appellant] Should not be Removed as Administrator. On January 26, 2024, [Appellant] filed a Petition to Enjoin Rita … from Interfering with the Administration of the Estate in Pennsylvania.

*Id.* at 1-2 (footnote in original; footnote added; punctuation modified).

Rita preliminarily objected to Appellant's petition to enjoin; Appellant filed an answer. The parties thereafter stipulated to the orphans' court determining the issue of Decedent's domicile based on the record before it. Both Appellant and Rita submitted legal memoranda supporting their respective positions.

On August 20, 2024, the orphans' court entered an order determining that Decedent was domiciled in Florida at the time of his death, and that Florida is the appropriate forum to probate Decedent's estate. Order, 8/20/24. The orphans' court thus directed the register of wills and the clerk of the orphans' court to close Decedent's estate. Appellant timely appealed. Both Appellant and the orphans' court have complied with Pa.R.A.P. 1925.

Appellant presents the following claims for our review:

1. The Orphans' Court … erred in determining that [] Decedent … was domiciled in the State of Florida and not the Commonwealth of Pennsylvania, on November 6, 2023, the date of his death.

2. The Orphans' Court of Chester County erred when it failed to consider the confidential medical records of [] Decedent in determining domicile.

3. The Orphans' Court of Chester County erred in determining [that] Decedent … had chosen to change his domicile from Florida to Pennsylvania when his intent, supported by the facts, was to change residency for income tax purposes to the State of Florida but not to change his domicile.

4. The Orphans' Court of Chester County erred when it [] determined that Rita was the personal representative of the [Decedent's estate], pursuant to 15 Pa.C.S.[A.] § 8854.

Appellant's Brief at 8 (punctuation and paragraph designations modified).

In her first issue, Appellant argues that the orphans' court erred when it determined that Decedent was domiciled in Florida at the time of his death. *Id.* at 14. Appellant acknowledges that Decedent filed income tax returns in Florida, and simultaneously filed tax returns in Pennsylvania, "but as a non-resident." *Id.* According to Appellant, this evidenced that Decedent considered himself "as a resident of Florida for income tax purposes" only, and did not consider Florida his domicile. *Id.* Appellant compares this case to *In Re Perelman*, 32 Pa. D. & C. 5th 100 (July 23, 2013). Appellant's Brief at 14.

Appellant directs our attention to the balancing test to be applied in determining domicile. *Id.* at 15 (citing *Estate of Getz*, 611 A.2d 778 (Pa. Cmwlth. 1992)). Appellant emphasizes, "the terms domicile and residence are not interchangeable, unlike residence, which is a physical fact, domicile is

a matter of intention." *Id.* (quoting *Greenwood v. Hildebrand*, 515 A.2d 963, 965 (Pa. Super. 1986)).[3] Appellant asserts,

> [w]hile ownership of property in the location of the new domicile is not dispositive of the issue, it is a factor. At the time of his death, [] Decedent owned no real property in Florida, but owned property in New Jersey and in Pennsylvania through the … LLC …. At the time of [] Decedent's death, [] Decedent's only connection to Florida was his residence at the memory-care facility, which was arranged by [Rita], and not at [] Decedent's request, because of his diminished capacity due to the traumatic brain injury suffered in 2018, which occurred in Chester County[,] Pennsylvania. Additionally, while in Florida, [] Decedent, pursuant to his medical records, believed that he was living in Pennsylvania and not Florida.[FN]
>
> _____
>
> [FN] *See* Confidential Medical Records of Decedent, specifically page 7 final paragraph, and page 9, the sentence in bold, submitted to the Court as part of the record in the instant matter.

*Id.* at 16 (footnote in original). Appellant further directs our attention to evidence that Decedent's remains are interred in Pennsylvania. *Id.* at 17.

Appellant argues, "the existing evidence shows that Decedent intended to have Florida as his residence for income tax purposes, but not his domicile." *Id.* at 17-18. Appellant claims Decedent's medical records show that Decedent's primary care physicians were in Pennsylvania, and there is no

_____

[3] We observe that in *Greenwood*, the case upon which Appellant relies, this Court addressed the appellant's domicile in the context of a personal injury action filed under the now-repealed Pennsylvania No-fault Motor Vehicle Act. However, as we set forth below, case law analyzing the Probate, Estates and Fiduciaries Code does not distinguish between the terms residence and domicile.

evidence of Decedent's intent to change his domicile from Pennsylvania to Florida. *Id.* at 18.

Rita disputes Appellant's claim, arguing that the orphan's court's determination of Decedent's domicile is based upon competent evidence. Appellee's Brief at 16. Rita argues that in January 2015, she and Decedent purchased a residence at 5880 Three Iron Drive, Naples, Collier County, Florida (the 5880 address), and both resided there. *Id.* According to Rita, Decedent thereafter received his U.S. mail at the 5880 address, and filed his federal income tax forms naming his 5880 address as his "home address." *Id.* In addition, Rita claims that when Decedent and Rita sold the residence at the 5880 address, Decedent used his Florida driver's license to verify his identity. *Id.* Rita directs our attention to Decedent's death certificate, which stated Decedent died in Florida and was a resident of Florida. *Id.*

Rita disputes Appellant's claim that Decedent's LLC interest is located in Pennsylvania:

> [Decedent's] LLC interest is intangible personal property, and its situs is Florida, not Pennsylvania. *See* 15 Pa.C.S.A. § 8841(f) (membership interest in a limited liability company is "personal property."); *Missett v. Hub Intern. Pa., LLC*, 6 A.3d 530, 537 (Pa. Super. 2010) (holding LLC interest akin to stock incorporation); *DeGiorgis v. 3G's Contr., Inc.*, 62 A.3d 1024, 1028 (Pa. Super. 2013) (stock is intangible personal property). The situs of intangible personal property is the domicile of the owner, here Florida. *See In Re Lewis' Estate*, 52 A. 205, 205 (Pa. 1902); *see also Wirth v. Commonwealth*, 95 A.3d 822, 853 (Pa. 2014) (internal citation omitted).

*Id.* at 17.

Rita further disputes Appellant's claim regarding the severity of Decedent's medical condition. *Id.* at 18. Rita points out "the [medical] event occurred some 3 years *after* [Decedent] changed his domicile to Florida." *Id.* Rita points out that Decedent could and did visit Pennsylvania, "as he did in 2022 when [she] was undergoing treatment for breast cancer." *Id.* Rita asserts that the orphans' court properly considered the fact that Decedent was buried in Pennsylvania. *Id.* at 19 (emphasis added). However, the orphans' court also weighed the actions taken **by Decedent** in holding himself out as a Florida resident. *Id.*

When reviewing an orphans' court's order, we must determine whether the record is free from legal error and the evidence supports the orphans' court's factual findings. *In Re Estate of Fuller*, 87 A.3d 330, 333 (Pa. Super. 2014) (citation omitted); *accord In re Navarra*, 185 A.3d 342, 357 (Pa. Super. 2018).

"Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." *Kapcsos v. Benshoff*, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*) (citation omitted). However, "the issue of domicile is a mixed question of law and fact[.]" *Bernhard v. Bernhard*, 668 A.2d 546, 549 (Pa. Super. 1995). As such, "it is reviewable by our appellate courts." *Id.*

"The domicile of a person is the place where he has voluntarily fixed his habitation with a present intention to make it either his permanent home or

- 7 -

his home for the indefinite future[.]"  *In re Estate of Sidlow*, 543 A.2d 1143, 1146 (Pa. Super. 1988); *see also Loudenslager's Estate*, 240 A.2d 477, 479 (Pa. 1968) (same).  "Under our case law, 'residence', in the statutory sense, is synonymous with 'domicile.'"  *Estate of Sidlow*, 543 A.2d at 1146.

Domicile, once shown to exist, is presumed to continue until another domicile is affirmatively proven.  *McLarin v. McLarin*, 504 A.2d 291, 293 (Pa. Super. 1986).

> The burden of proving this change of domicile rests with the party asserting the change.  This burden entails proving[,] by clear and convincing evidence, residence in a new locality with intent to make that residence a permanent home coupled with the manifested intent of abandoning the former domicile.

*Id.* at 293 (citations omitted).

> In determining a person's domicile, the language of the United States Supreme Court, … in *Mitchell v. United States*, [88 U.S.] 350, 22 L.Ed. 584 [(1875)], is most appropriate: " … Mere absence from a fixed home, however long continued, cannot work the change [of domicile].  There must be the animus to change the prior domicile for another.  Until the new one is acquired the old one remains.  These principles are axiomatic in the law upon the subject."  ([88 U.S. at] 353)….

*Estate of Sidlow*, 543 A.2d at 1147 (some citations omitted).

To effect a change of domicile,

> there must be a concurrence of the following factors: (1) physical presence in the place where domicile is alleged to have been acquired, and (2) an intention to make it his home without any fixed or certain purpose to return to his former place of abode[.]

*Id.* at 1146-47 (internal quotation marks, paragraph break, and citations omitted); *see also generally Bernhard*, 668 A.2d at 550 (noting that "intent, being purely subjective, must to a large extent be determined by the acts which are manifestations of the intent." (citation and quotation marks omitted)).

In addressing this issue, the orphans' court determined the following:

Decedent owned no property in Pennsylvania. There is no evidence that Decedent had bank accounts in Pennsylvania. Decedent's Will leaves the residue of his estate to the Trust. [Appellant] contends that Pennsylvania is the domicile of the Trust because the Trust is administered by Pennsylvania counsel.

….

Here, Decedent took steps to change his driver's license to Florida; he registered to vote in Florida. It is unchallenged that Decedent filed tax returns as a non-resident of Pennsylvania. His death certificate states that Decedent's place of death was Naples, Florida. *Cf. In re Estate of Getz*, 611 A.2d 778, 781 (Pa. Cmwlth. 1992) (while testator's change of his vehicle registration, operator's license and voter registration constitute conduct indicative of an intent to change domicile, other acts such as his continued listing of a Pennsylvania address for federal income tax purposes, execution of a recent will and codicil attesting to Pennsylvania domicile and actual interment in Pennsylvania speak otherwise). In the present case, Decedent's federal income tax returns list a Florida address.

The [c]ourt finds instructive the Philadelphia Orphans' Court case *In re Perelman*, 32 Pa. D. & C. 5th 100 (2013). The decedent [(Ruth)] resided in Pennsylvania. For many years, [Ruth] and her husband spent six months of the year in Florida. Decedent broke her hip while in Philadelphia, and never returned to Florida. All of her physicians were [] in Pennsylvania. After her death in Pennsylvania, the issue of jurisdiction was raised. The trial court found jurisdiction was in Pennsylvania.

[In **Perelman**,] the respondent has presented clear, convincing and disinterested evidence based on Ruth's stated intentions and concrete actions that in the final two years of her life she was forced to assert her independence from her husband and cement her ties to her long-term home in Philadelphia. The record is clear that Ruth at no time uttered an explicit statement as to her domicile. She did not discuss this issue with her husband or physician…. Nor did she clarify this point for the lawyers who drafted her July 28, 2010 will. Her close friend[,] Florence Marcus[,] likewise testified that Ruth had never expressed whether she considered Florida or Philadelphia her home, though "it was just assumed by everybody that Philadelphia was her home. These were extra things. Atlantic City was an extra, Palm Beach was an extra." **In re Perelman**, 32 Pa. D. & C. 5th 100 page 5 (Phila. Cty. 2013).

Here, Decedent was physically present in Florida, and his actions show that he intended to make Florida his home without any fixed or certain purpose to return to Pennsylvania. Thus, Florida[,] not Pennsylvania, is the appropriate forum for probate of [Decedent's] Estate.

Orphans' Court's Opinion, 8/20/24, at 4-5.

Our review of the record discloses the following. On January 26, 2024, Appellant filed a petition to enjoin Rita from interfering with administration of the Decedent's estate in Pennsylvania. Petition to Enjoin, 1/26/24. In her petition to enjoin, Appellant confirmed she "understands that Decedent's Will has been deposited with the Court in Collier County, Florida." *Id.* ¶ 4. To support her claim of Pennsylvania jurisdiction, Appellant pointed out the properties held by the LLC. *Id.* ¶ 6.

Appellant's petition for citation, filed on January 26, 2024, averred that Decedent, "**through a single member LLC** owned two (2) residential properties, one in Delaware County, and the other in Chester County,

Pennsylvania[,] where his daughters, [Appellant] and Devon … reside." Petition for Citation, 1/26/25, ¶ 5 (emphasis added). However, membership in a limited liability company is considered "personal property." 15 Pa.C.S.A. § 8841(f). The situs of intangible personal property is with its owner. **See generally Wirth v. Commonwealth**, 95 A.3d 822, 854 (Pa. 2014) (recognizing that shares of a partnership are intangible personal property, "and the situs of the partnership interest … [is] at the domicile" of each partner).

Appellant's petition for grant of letters expressly stated, "Decedent was domiciled at death in Collier County, Florida, with his[] last princip[al] address at 508 Valley Dr., West Chester, PA 19382 (East Goshen Township – Chester County)." Petition for Grant of Letters, 11/29/23, at 1. The death certificate attached to Appellant's petition confirmed that Decedent died in Naples, Florida. **Id.** attach. (Death Certificate). Thus, Decedent's presence in Florida is established. **See Estate of Sidlow**, 543 A.2d at 1146-47.

The record also includes Decedent's 2015 federal income tax return listing his "Home" address as 5880 Three Iron Drive, Naples, Florida. Amended Petition of Administration, 6/13/24, Confidential Document exh. D. Decedent's 2016, 2017, 2018, 2019, 2020, and 2021 federal income tax returns consistently identify Appellant's home state as Florida. **See id.** In those same years, Decedent filed Pennsylvania income tax forms identifying himself as a non-resident of Pennsylvania. **Id.**, Confidential Records exh. E.

- 11 -

Appellant concedes Decedent filed income tax returns designating Florida as his residence. Appellant's Brief at 21. Appellant also acknowledges that Decedent and Rita purchased real property in Florida in 2015. *Id.* at 22.

Our review further discloses that on November 18, 2015, Decedent obtained a Florida driver's license. Answer to Amended Petition to Enjoin, 6/28/24, exh. B. In 2015, Decedent registered to vote in Naples, Florida. *Id.* exh. C. We further observe that Rita, Decedent's wife and attorney-in-fact, is domiciled in Florida. *Id.*, exh. J.

Contrary to Appellant's claim, the record clearly supports the orphans' court's determination that Decedent changed his domicile in 2015, prior to any medical event.[4] By contrast, there is no evidence that, at the time of his death, Decedent maintained a separate residence in Pennsylvania, paid personal income taxes as a Pennsylvania resident, or maintained a Pennsylvania driver's license. The evidence demonstrated Decedent's intention to remain in Florida indefinitely. As such, we discern no error or abuse of the orphans' court's discretion in recognizing that Rita proved, by clear and convincing evidence, that Decedent changed his domicile to Florida in 2015. Appellant's first claim merits no relief.

_____

[4] Although Appellant directs our attention to confidential medical records to support her claim of Decedent's incapacity, the records are dated *after* Decedent's 2015 change of domicile.

In her second issue, Appellant argues that the orphans' court erred when it failed to consider Decedent's confidential medical records when determining Decedent's domicile. Appellant's Brief at 19. Appellant argues these records show Decedent was not competent to sign the 2020 Will and Trust Codicil, because of a 2018 traumatic brain injury. *Id.*

Appellant also argues that the orphans' court erred in considering the domicile listed on these documents. *Id.* at 20. Appellant states that, "[a]bsent the Power of Attorney provided to Rita in 2020, [] Decedent would have owned property in both Pennsylvania and Florida at the time of his death." *Id.* Appellant further posits that "despite the actions of Rita to move [] Decedent into a memory care unit in Florida, [] Decedent would have continued to return to Pennsylvania where his health care physicians were located." *Id.*

Rita disagrees, arguing that the orphans' court properly considered Decedent's medical records in determining domicile. Appellee's Brief at 19. Rita emphasizes Decedent's actions in changing his domicile in 2015, well before the 2018 medical event. *Id.* According to Rita, Appellant failed to establish any abuse of the orphans' court's discretion in its consideration of this evidence. *Id.* at 20.

Our review discloses no error or abuse of the orphans' court's discretion. While Appellant speculates Decedent would have returned to Pennsylvania for medical treatment, she offers no record support for this assertion. In addition,

Decedent's confidential medical records pertain to an incident that took place in 2018. *See* Confidential Medical Records; *see also* Notes From Admission, 8/18/22. These records are not pertinent to whether Decedent effected a change of domicile to Florida in 2015. As such, Appellant's claim warrants no relief.

In her third issue, Appellant argues that Decedent only intended to change residency for tax purposes, not to change his domicile. Appellant's Brief at 21. Appellant concedes that in 2015, Decedent filed income tax returns designating Florida as his residence. *Id.* However, Appellant argues, Decedent did not avail himself of Florida's homestead exemption, "which is only available to those residents of Florida who intend to make Florida their domicile." *Id.*

Appellant acknowledges that Decedent and Rita purchased Florida property in 2015. *Id.* at 22. Appellant asserts "[t]he intent to file income tax returns as a resident of Florida is not evidence of an intent to make Florida one's domicile, especially when [] Decedent continued to file taxes in Pennsylvania as a non-resident." *Id.* Appellant argues Decedent still owned a home in Pennsylvania; Decedent's Trust was to be administered in Pennsylvania; and Decedent was the sole member of a Pennsylvania LLC. *Id.* Appellant points out Decedent's Pennsylvania residence was sold after Decedent's traumatic brain injury, and Decedent's funeral was held in Pennsylvania. *Id.*

Rita disagrees, arguing that Appellant waived any claim that Decedent changed his residence for tax purposes only. Appellee's Brief at 21. According to Rita, Appellant failed to advance this argument before the orphans' court. *Id.* Further, Rita asserts that Appellant cites no evidence of record to support her claim. *Id.* at 22.

Our review confirms that Appellant did not present this basis for Decedent's change of tax residence before the orphans' court. Accordingly, we could deem it waived. *See* Pa.R.A.P. 302(a) (stating an issue cannot be raised for the first time on appeal). Moreover, Appellant does not support, with citations to the record, her claim that Decedent sought only tax benefits from an address change. At best, Appellant speculates as to Decedent's reasons for purchasing a Florida residence and using the 5880 address on relevant tax documents. Appellant's speculatory assertions do not overcome Rita's clear and convincing evidence of a change of domicile. Appellant's third claim merits no relief.

In her fourth claim, Appellant argues that the orphans' court erred "when it [] determined that Rita was the personal representative" of the Decedent's estate. Appellant's Brief at 23. Appellant appears to challenge Rita's appointment as executor of Decedent's estate. *See id.* at 25 (arguing Rita utilized her power as executor "of [Decedent's estate in Florida] to gift herself Decedent's single membership interest in Milligan LLC.").

Rita counters that the orphans' court properly left any challenge to Rita as the personal representative of Decedent to the Florida courts. Appellee's Brief at 24.

Our review discloses the orphans' court's order **closed** the Pennsylvania case administering Decedent's estate. Order, 8/20/24. The orphans' court determined: "[t]he [S]tate of Florida is the appropriate forum for probate of the Estate[.]" *Id.* Because the Pennsylvania orphans' court lacks jurisdiction over administration of the Decedent's estate, there is no basis upon which to grant Appellant relief on her fourth claim. Rather, Appellant may challenge any actions taken by Rita in the appropriate forum: the State of Florida. Consequently, we cannot grant Appellant relief on her final claim.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/18/2025