**Francis J. TUREK**

v.

**Ulysses LANE and Chelten Rambler, Inc., and American Motors Corporation.**

**Civ. A. No. 43357.**

United States District Court,
E. D. Pennsylvania.

Sept. 30, 1970.

Alvin M. Chanin, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Detweiler, by Joseph Head, Philadelphia, Pa., for Chelten Rambler, Inc.

Roger Wolfe, Philadelphia, Pa., for Ulysses Lane.

Liebert, Harvey, Herting, Short & Lavin, by G. Wayne Renneisen, Philadelphia, Pa., for American Motors.

MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

In this automobile accident case, defendant Lane, a Pennsylvania citizen, and defendant Chelten Rambler, Inc., a Pennsylvania corporation, question plaintiff's alleged New Jersey citizenship. We held an evidentiary hearing.

Plaintiff enlisted in the United States Naval Reserve on May 10, 1961, for a six-year obligation. He was stationed at the Willow Grove Naval Air Station in Pennsylvania. In January of 1963 he married and lived at first with his wife's parents in Ambler, Pennsylvania, then in 1964 moved with his wife into an apartment, also in Ambler. By this time, plaintiff was an air traffic controller at the air station.

On May 3, 1967, plaintiff's enlistment obligation expired and he voluntarily extended it for two years. He had previously been ordered to report for duty at Lakehurst, New Jersey, still as an air traffic controller. He rented a house in nearby Toms River, but on a month to month basis with no written lease. When plaintiff moved to Toms River, he changed the addresses in his insurance policies, bank account, and charge accounts. He moved his family and all his furniture to New Jersey and filed his income tax return from that state.

Plaintiff did not change the 1967 registration of his automobile from Pennsylvania to New Jersey because it would involve unnecessary expense, nor did he change his Pennsylvania driver's license. However, in 1968, plaintiff renewed the Pennsylvania registration of his car and renewed his Pennsylvania driver's license. No explanation of this was of-

fered. During the entire period of his service (from 1961 to 1969) his "home of record" was carried on the Navy records as being in Pennsylvania and plaintiff made no attempt to change this.

There was a good deal of testimony as to plaintiff's activities after August 17, 1967,—the date suit was filed. However, most of this evidence is at best equivocal and had little, if any, relevance to the critical inquiry as to domiciliary intent on August 17, 1967. Bowman v. DuBose, 267 F.Supp. 312 (D.D.C., 1967). For example, plaintiff accepted permanent employment in New Jersey to follow the expiration of enlistment in 1969, but he had no reason in 1967 to anticipate that such employment would be forthcoming two years later.

■ There is no doubt that a serviceman may acquire a new domicile at the point of his military service. Ellis v. Southeast Construction Co., 260 F.2d 280, 282 (C.A. 8, 1958); Rest., Conflict of Laws, § 21, Comment c (1934). He cannot do this, however, "unless he indicates an intent to abandon such original domicile and adopt a new one." Seegers v. Strzempek, 149 F.Supp. 35, 36 (E.D. Mich., 1957); see also Price v. Greenway, 167 F.2d 196 (C.A. 3, 1948); Bowman v. DuBose, 267 F.Supp. 312 (D.S.C. 1967). The domicile of a serviceman at the time of enlistment is presumed not to change, and evidence of an intention to change must be "clear and unequivocal." Sweeney v. District of Columbia, 72 App.D.C. 30, 113 F.2d 25, 33 (1940). Plaintiff's evidence falls far short of that standard. Indeed, it rather points to an intent, at least as of August 1967, to retain his Pennsylvania domicile.

■ The mere establishment of an "off-base" home is not enough. Bowman v. DuBose, 267 F.Supp. 312 (S.C., 1967). And against this are the facts that plaintiff continuously listed Pennsylvania as his "home of record" and in 1968, after living in New Jersey for a year, re-registered his car in Pennsylvania and applied for and received a Pennsylvania driver's license, both under a Pennsylvania address. Plaintiff gave no reason to support his conclusory statement that he intended to make his home in New Jersey. For example, he did not testify that he preferred the school system there, or that he saw more job opportunities, or that he liked the surroundings or the people. *Cf.* Ellis v. Southeast Construction Co., 260 F.2d 280, 283 (C.A 8, 1958). Plaintiff's testimony that in 1967 he was considering the Navy as a career adds nothing to his position. His original domicile of Pennsylvania would follow him "regardless of the term of service, unless he indicates an intent to abandon such original domicile and adopt a new one." Seegers v. Strzempek, 149 F.Supp. 35, 36 (E.D. Mich., 1957). Since we find no convincing evidence in this record of such intent, we must reluctantly dismiss the action as to defendants Lane and Chelten Rambler, Inc.

It is so ordered.