**Carnwath v. Carnwath**

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■

*John D. Conroy,* for plaintiff.
*William G. Scarborough,* for defendant.

SCOTT, *J.,* June 16, 1993—Susan C. Carnwath has appealed this court's order of March 9, 1993, which dismissed her complaint in divorce for lack of jurisdiction. We issue this opinion in support of that order pursuant to Pa.R.A.P. 1925(a).

The relevant facts, as found by this court, are as follows: Joseph Carnwath and wife were married in St. Louis, Mo., in 1970 and moved to Bucks County, Pa., that same year. In 1976, husband graduated from Lehigh University in Northampton County, Pa., with a master's degree in science. Later that year the parties sold their Bucks

County residence and moved to Cambridge, England, where husband continued his studies and worked as a research assistant. Husband completed his formal education and graduated from Cambridge University with a doctorate degree in 1983. Nevertheless, the parties remained in England until 1987 while husband was doing post-doctorate research at Oxford. In 1987, the parties moved to Germany after husband accepted a post-doctorate research position at a German university. In 1991, husband accepted a position as staff scientist at a German institute and in November 1991, the parties separated, but both continued and still continue to live and work in Germany. Although neither party has resided in Bucks County since 1976, they have maintained a mailing address at husband's mother's Bucks County post office box.

On May 28, 1992, wife filed a divorce complaint in Bucks County. Thereafter, husband filed a motion to dismiss the complaint for lack of jurisdiction, alleging that neither party was a bona fide resident of Pennsylvania. The same day husband filed his motion, he praeciped the matter to this court for disposition. However, in response to wife's arguments that she was entitled to discovery on the issue of jurisdiction, this court issued an order striking husband's praecipe and allowing the parties 45 days to complete discovery on jurisdiction. By order of January 26, 1993, this court extended the discovery deadline until February 15, 1993, and on February 18, 1993, wife moved the issue of jurisdiction to this court for disposition. We considered the memoranda of the parties and the factual record created during discovery and found that this court lacked jurisdiction over the parties' divorce. Hence, on March 9, 1993, we issued an order dismissing wife's divorce complaint. Wife has appealed that order.

Wife's statement of matters complained of on appeal is atypical in the sense that it includes 19 statements of law and fact, rather than concise arguments as to how she believes this court erred. For purposes of cohesiveness, we have culled these 19 statements into distinct arguments, all of which impliedly assert that this court erred in finding that we lacked jurisdiction. Initially, it should be noted that this court's jurisdiction over actions in divorce is governed by section 3104 of the Divorce Code, 23 Pa.C.S. §3104. Section 3104(b) provides as follows:

"(b) *Residence and Domicile of Parties*—No spouse is entitled to commence an action for divorce or annulment under this part unless at least one of the parties has been a bona fide resident in this Commonwealth for at least six months immediately previous to the commencement of the action. Both parties shall be competent witnesses to prove their respective residence, and proof of actual residence within this Commonwealth for six months shall create a presumption of domicile within this Commonwealth."

The key term in section 3104(b) is "bona fide resident." It has been interpreted to mean domicile and requires actual residence coupled with an intention to remain there permanently or indefinitely. *Zinn v. Zinn,* 327 Pa. Super. 128, 475 A.2d 132 (1984).

Wife first argues that she and husband were both bona fide residents of Pennsylvania during the six months prior to the filing of the divorce complaint by virtue of the facts she submitted in her memorandum of law in support of jurisdiction. While wife's memorandum did include a number of allegations regarding husband's and wife's ties to the Commonwealth, we only considered those al-

legations that had support in the record. In this case, neither party submitted depositions of either husband or wife into the record and, as such, there is not technical compliance with the requirements of Pa.R.C.P. 209. Nevertheless, husband did submit an affidavit and wife attached exhibits to her memorandum of law. We viewed these documents as akin to depositions and, therefore, considered them as part of the factual record. Husband's affidavit essentially asserted the following: that the parties resided in Bucks County from 1970 to 1976; that they resided in England from 1976 to 1987 and then moved to Germany; that they separated in November 1991 but continue to reside independently; that both he and wife are gainfully employed in Germany; that the parties maintain a mailing address at husband's mother's Bucks County P.O. box; that the addresses listed for husband and wife in the divorce complaint that of husband's mother's P.O. box; and that husband has no present intention to leave Germany. Wife's exhibits included the following: copies of her interim and exempt Pa. driver's licenses which list husband's mother's P.O. box as wife's address; husband's and wife's wills which were executed in 1983 and identify the parties as "of Bucks County"; husband's and wife's voter registration forms which also list husband's mother's P.O. box; the parties' Bucks County voting records which indicate that prior to the filing of the divorce complaint, they last voted in Bucks County in 1988 by absentee ballot; husband's answers to interrogatories which indicate that he has certain business holdings in Bucks County; and his curriculum vitae which lists his nationality as the United States. Reviewing this record, it was clear that neither party had an actual residence in Bucks County from December 1991 to May 1992,

the six-month period prior to the filing of the divorce complaint. As actual residence is required for a bona fide resident, we found that neither husband nor wife was a bona fide resident of Pennsylvania at the time necessary to establish this court's jurisdiction.

Wife next argues that she was a bona fide resident during the necessary period because the Pennsylvania domicile she established from 1970 to 1976 is presumed to continue. This argument lacks merit. While a party is presumed to retain their original domicile, the law is clear that this presumption may be overcome by clear and convincing proof that the party resides in a new locality and has the intention to remain there. *McKenna v. McKenna,* 282 Pa. Super. 45, 422 A.2d 668 (1980). In this case, there is clear and convincing evidence which shows that at some point prior to the relevant six-month time period, the parties terminated their Pennsylvania domicile. With regard to a new locality, the parties have resided in Germany since 1987. With regard to intent, the evidence is clear that the parties have each decided to remain in Germany indefinitely. The evidence that most notably demonstrates this intent is that even though husband stopped attending school in 1983, the parties remained in Europe, have resided in Germany since 1987 and have not resided in Bucks County since 1976. Furthermore, wife asserted in her memorandum of law that she was residing in England and Germany because of husband's educational and employment pursuits. However, when the parties separated in November 1991, wife established her own residence in Germany rather than returning to Bucks County. She is also employed in Germany and there is nothing in the record to show that she ever intends to terminate her German residence and employment and return to Bucks County. This evidence clearly shows that the parties have adopted Germany as

their domicile. While the record is insufficient to show exactly when the parties decided to remain in Germany, wife must have formed this intent prior to the parties' November 1991 separation. Given wife's assertion that she was only staying in Germany because of husband, if wife did not harbor an independent intention to remain in Germany at the time the parties separated, she surely would have returned to Bucks County after they separated. That she did not do so belies her claim that she remained domiciled in Pennsylvania and attests to the fact that as of November 1991, she intended to remain in Germany indefinitely. As the parties adopted their German domicile prior to the start of the statutory six months' period, the Pennsylvania domicile they established from 1970 to 1976 is insufficient to establish the jurisdiction of this court.

Finally, wife argues that we erred when, in the course of discovery, we denied her petition to take husband's deposition. Such action was not error for several reasons. First, it should be noted that in response to wife's petition, husband filed a second affidavit which attested to the fact that he was in Germany and that due to circumstances at work, it would be very difficult for him to come to the United States for such deposition. Second, wife had the opportunity to ask husband any questions she wished to ask at such deposition in interrogatories that she did propound on him. Lastly, and most persuasively, because only one party must be a bona fide resident of Pennsylvania to establish this court's jurisdiction, she could have taken her own deposition to create a record on her intent to remain domiciled in Pennsylvania. If she had done so, husband's deposition would not have been necessary. The fact that she did not do so suggests to this court that during the relevant six-month period wife was indeed domiciled in Germany and was not a bona fide resident of Pennsylvania.

Wife also argues a number of issues regarding her economic rights, her ability to obtain a divisible divorce and the need to join additional parties. These matters are irrelevant to the issue of jurisdiction and, therefore, will not be addressed.

Thus, for all of the above reasons, we entered our order of March 9, 1993.