677 A.2d 1207

**Becky MILAM, Appellant**

v.

**Ronald Hugh MILAM, II.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1995.

Filed May 7, 1996.

Reargument Denied July 19, 1996.

598

Thomas A. Dill, Sharon, for appellant.

Before TAMILIA, FORD ELLIOTT and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from the order of the trial court which granted defendant husband's Motion to Dismiss the Complaint for Support. We affirm.

The trial court aptly summarized the history of the instant action as follows:

Plaintiff and the Defendant rented an apartment in Mercer County in May of 1993 and signed a six month lease. At

the time, the Defendant was employed by the United States military and was working at a base in Ohio. Defendant's enlistment in the military was to end in May 1994. The Plaintiff and the Defendant later applied for a marriage license, on which the Defendant listed one prior marriage, and identified his residence as Mercer County, Pennsylvania. The Defendant had, in fact, been married twice before, not once as he had stated on the marriage license application. The Plaintiff and the Defendant were married on July 31, 1993 in Hermitage, Mercer County, Pennsylvania and continued to live in Mercer County until they separated in February 1994.

Defendant was in the military for nearly sixteen years, during which time he never changed the address on his military records from his home in Colorado [FN] even though he married three times, and has two children of his own. [FN. This was also his parents' home.] According to the Plaintiff, moving to Colorado was never discussed during the married [sic]. The Defendant owned a truck which was registered in California, but in November or December of 1993 the Defendant transferred the registration to Texas. Between May of 1993 and January of 1994 Plaintiff and Defendant discussed living in either Pennsylvania or Texas after his military service was completed. The Defendant received a lump sum payment when he was discharged from the military in May 1994, and has refused to pay any support for his wife.

In February of 1994, the Plaintiff filed in Mercer County for an Emergency Protection from Abuse Order (hereinafter "PFA") against the Defendant. The PFA Order granting Plaintiff's Petition was served on the Defendant in Mercer County. A full hearing was held on February 14, 1994 and the emergency order was extended for a period of one year.

On the same day, Plaintiff filed a complaint for support from the Defendant. Domestic Relations sent two notices of the Complaint to the Defendant, on[e] by certified mail and one by ordinary first class mail to his Colorado address.

The receipt was returned to Domestic Relations signed by the Defendant, and his signature was identified by the Plaintiff.

The Defendant denies he ever received the certified mail notice and asserts no one was authorized to accept it for him. The Defendant admits to calling Domestic Relations and requesting a continuance of the support hearing. A continuance was granted, and the hearing rescheduled. The Defendant did not attend the rescheduled hearing. An order of Support was entered, and the Defendant did not appeal from that order. During this time, the Defendant was seen in Ohio and Meadville, Pennsylvania.

The Defendant has filed a Motion to Dismiss the support complaint arguing that Pennsylvania has no personal jurisdiction under 23 Pa.C.S.A. Section 4342(d) to allow the suit to continue.

Trial Court Opinion dated March 22, 1995 at 2–4. The trial court granted defendant's motion to dismiss for lack of personal jurisdiction. Thereafter, plaintiff wife filed the instant appeal.

█ Initially, we note that our standard of review of an appeal from an order granting a preliminary objection which challenged the exercise of *in personam* jurisdiction has been summarized as follows:

[W]hen preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt. Moreover, when deciding a motion to dismiss for lack of personal jurisdiction the court must consider the evidence in the light most favorable to the non-moving party.

*Delaware Valley Underwriting v. Williams & Sapp*, 359 Pa.Super. 368, 373, 518 A.2d 1280, 1282 (1986) (citations omitted).

Plaintiff wife first argues that the family domicile is sufficient to establish personal jurisdiction over husband. In this regard, wife argues that husband demonstrated an intention to change his domicile to Pennsylvania by (a) applying for a

marriage license in Pennsylvania; (b) receiving mail in Pennsylvania; (c) transferring his auto tags to Texas and his drivers license to California; (d) failing to discuss returning to Colorado with his wife; (e) entering into a six-month lease in Pennsylvania; and (f) spending very little time in Colorado since being excluded from the marital residence. We disagree.

In setting forth evidence evincing husband's intent to change domicile, wife fails to address one crucial point. Throughout the duration of the marriage, husband was employed by the United States military. It is well-settled that "mere absence from a domicile, however long continued, cannot effect a change of domicile; there must be an animus to change the prior domicile for another." *Zinn v. Zinn*, 327 Pa.Super. 128, 130, 475 A.2d 132, 133 (1984) (citing *In re McKinley's Estate*, 461 Pa. 731, 337 A.2d 851 (1975)). There is a presumption that the original domicile continues and a person asserting a change of domicile must demonstrate such change by clear and convincing evidence. *Zinn v. Zinn*, 327 Pa.Super. at 130, 475 A.2d at 133.

A service person's domicile is presumed to be the domicile as of his time of enlistment. *Id.* at 131, 475 A.2d at 133; *Boswell v. South Carolina Ins. Co.*, 353 Pa.Super. 108, 119, 509 A.2d 358, 363-364 (1986). "A service person's domicile generally remains unchanged while that person is temporarily stationed in another state on temporary duty." *Id.* at 119, 509 A.2d at 363. Military personnel may acquire a new domicile if circumstances show an intent to abandon the original and adopt a new domicile. *Id.* at 119, 509 A.2d at 364; *Zinn v. Zinn*, 327 Pa.Super. at 131, 475 A.2d at 133.

Here, the trial court reviewed the evidence presented and determined that wife did not establish, by clear and convincing evidence, that husband intended to abandon his original domicile and adopt a new one. We have reviewed the parties' briefs and the record certified to this court on appeal and find that the trial court correctly addressed this issue. We adopt the reasoning of the trial court and affirm on the basis of the

trial court opinion dated March 22, 1995 with regard to this issue.

Wife also argues that regardless of husband's domicile, the trial court erred in not exercising long arm jurisdiction over husband. In support actions, the Domestic Relations Code provides as follows:

The Supreme Court shall by general rule establish procedures for the exercise of long arm jurisdiction to ... establish and enforce support. Long arm jurisdiction shall be used in preference to proceedings under Chapter 45 [footnote: 23 Pa.C.S.A. § 4501 et seq.] (relating to reciprocal enforcement of support orders) unless it would be more effective to proceed otherwise. Long arm proceedings may be commenced or continued in any county where the plaintiff resides regardless of whether the parties maintained a family domicile in that county.

23 Pa.C.S.A. § 4342(d). The question before us is whether husband has sufficient minimum contacts with Pennsylvania so as to permit the trial court to establish long arm jurisdiction.

Wife refers this court to our holding in *Scoggins v. Scoggins*, 382 Pa.Super. 507, 555 A.2d 1314 (1989) in support of her contention that husband has sufficient minimum contacts with Pennsylvania so as to permit the exercise of long arm jurisdiction. In *Scoggins*, the couple were married in Pennsylvania. When the parties separated, the appellee husband moved to Florida where he has since established a domicile. Appellant wife remained in Pennsylvania. Husband filed a petition for divorce in Florida. Wife filed her own petition in Pennsylvania. Husband obtained a decree in divorce in Florida after which he filed preliminary objections to wife's divorce action. Husband averred lack of personal jurisdiction as well as failure to state a cause of action upon which relief could be granted. The trial court granted relief finding it had no personal jurisdiction over appellee husband.

On appeal, this court reviewed the minimum contacts required to establish jurisdiction pursuant to the Pennsylvania Long Arm Statute, 42 Pa.C.S.A. § 5322. Quoting *Interna-*

*tional Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), we opined:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*Scoggins v. Scoggins,* 382 Pa.Super. at 517, 555 A.2d at 1319. Explaining the application of *International Shoe* to the facts in *Scoggins,* this court concluded:

> The nature of the required "minimum contacts" has generally been given broad interpretation and emphasis has been placed upon the aspect of fair play and substantial justice. . . .

> \*    \*    \*    \*    \*    \*

> While the interest of the forum state and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice are to be considered, "an essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in . . . [the forum] state." *Kulko v. Superior Court of California,* [436 U.S. 84] at 92, 98 S.Ct. [1690] at 1697, 56 L.Ed.2d [132] at 141 [1978], *quoting International Shoe Co. v. Washington, supra,* 326 U.S. at 316–17, 66 S.Ct. at 159, 90 L.Ed. at 103. Thus, the existence of personal jurisdiction generally depends upon the presence of reasonable notice to the defendant that an action has been brought, and a sufficient connection between the defendant and the forum state to make it fair to require defense of the action in the forum state.

*Scoggins v. Scoggins,* 382 Pa.Super. at 517–18, 555 A.2d at 1319–20.

■ In *Scoggins,* we acknowledged that marital domicile may be sufficient to establish minimum contacts with a forum state. The term "domicile" has been defined in this Commonwealth as:

the place in which, both in fact and intent, the home of a person is established without any purpose to return to a former home; the place where he lives, in distinction from that where he transacts his business; the place where he · chooses to abide, in distinction from that in which he may be for a temporary purpose.

*Wallace v. Wallace,* 371 Pa. 404, 410, 411, 89 A.2d 769, 771 (1952).

Wife avers that Pennsylvania is the site of the marital domicile of the parties. However, we note that the terms domicile and residence are not interchangeable. "[W]hereas residence is a physical fact, domicile is a matter of intention." *Bernhard v. Bernhard,* 447 Pa.Super. at 118, 668 A.2d at 546. While marital residence is a factor, it is only one of many considerations taken into account when determining domiciliary intent. *See Bernhard v. Bernhard,* 447 Pa.Super. 118, 128, 668 A.2d 546, 551 (1995) (determining domicile for purposes of divorce action). This is especially true in cases involving military persons.

A service person's domicile is presumed to be the domicile as of his time of enlistment. *Zinn v. Zinn,* 327 Pa.Super. at 131, 475 A.2d at 133; *Boswell v. South Carolina Ins. Co.,* 353 Pa.Super. 108, 119, 509 A.2d 358, 363–364 (1986). As we stated *supra,* "[a] service person's domicile generally remains unchanged while that person is temporarily stationed in another state on temporary duty." *Boswell v. South Carolina Ins. Co.,* 353 Pa.Super. 108, 119, 509 A.2d 358, 363 (1986). Moreover, there is a presumption that the original domicile continues and a person asserting a change of domicile must demonstrate such change by clear and convincing evidence. *Zinn v. Zinn,* 327 Pa.Super. at 130, 475 A.2d at 133. Again, in addressing wife's first issue, we found that the evidence is insufficient to establish that husband had changed his domicile to Pennsylvania. Keeping this in mind, we are hard pressed to impute a separate, marital domicile upon husband.

However, we do note that in some instances, the mere fact of prior **residence** without establishing domicile may

provide sufficient minimum contacts to justify the exercise of long arm jurisdiction. *Scoggins v. Scoggins,* 382 Pa.Super. at 522, 555 A.2d at 1322. In *Scoggins,* this court referred to the holding enunciated by the Alabama Supreme Court in *Brislawn v. Brislawn,* 443 So.2d 32 (Ala.1983).

In *Brislawn,* the parties spent ten days following their wedding in Alabama before departing for a tour of military duty in West Germany. Upon separation, wife returned to the United States. However, husband did not return with wife. The Alabama Supreme Court held that *in personam* jurisdiction could be exercised over the non-resident husband without violating constitutional due process requirements because Alabama was the only place in the United States where the parties had lived together as husband and wife. Under those facts, the Alabama Supreme Court concluded that Alabama had a more significant connection with the marital relationship of the parties than any other jurisdiction in the United States.

Here, however, husband is not currently stationed overseas. We find no extenuating circumstances which would warrant the exercise of jurisdiction over husband based upon the fact that the parties maintained a marital residence in Pennsylvania. In determining marital domicile, we find that wife's evidence may be sufficient to demonstrate that husband intended to abandon his domicile in Colorado. However, wife's evidence that (1) she and husband were married and resided in Pennsylvania during their marriage; (2) husband received mail at the alleged marital residence in Pennsylvania; and (3) a Protection from Abuse Order was entered and served upon husband in Pennsylvania, does not meet the clear and convincing standard necessary to determine that husband abandoned Colorado and adopted Pennsylvania as his new domicile. *Zinn v. Zinn, supra.* Wife presented insufficient evidence that husband intended anything other than a temporary stay in Pennsylvania.

In light of the protections afforded military personnel in determining domicile, and in light of the fact that the record discloses no other contacts by husband with the state of

Pennsylvania, we find no error by the trial court in granting husband's preliminary objections for lack of personal jurisdiction. In so holding, we note that the Revised Uniform Enforcement of Support Act provides that wife may file her petition for support in Pennsylvania.[1]

The order of the trial court is affirmed.

1. The RUESA provides, in pertinent part:

   **Filing.**—The petition may be filed in the appropriate court of any state in which the obligee resides. The court may decline or refuse to accept and forward the petition on the ground that it should be filed with some other court of this or any other state where there is pending another action for divorce, separation, annulment, dissolution, habeas corpus, adoption or custody between the same parties or where another court has already issued a support order in some other proceeding and has retained jurisdiction for its enforcement.
   23 Pa.C.S.A. § 4513(b).