**Novich v. Novich**

C.P. of Lawrence County, no. 98.0375, D.R.

*David E. Henderson*, for plaintiff.
*Norman J. Barilla,* for defendant.

MOTTO, *J.,* February 22, 1999—Before the court for disposition is the defendant's motion to dismiss the plaintiff's complaint in support for lack of personal jurisdiction. The issue in the case is whether or not defendant has sufficient minimum contacts with Pennsylvania to permit the exercise of in personam jurisdiction over him.

The parties married in Las Vegas, Nevada, on January 25, 1997. At the time of the marriage, the plaintiff re-

sided in Chippewa Township, Beaver County, Pennsylvania. The defendant maintained residences in New York and Florida. The defendant, an attorney, maintained his office for the practice of law in New York. The defendant is registered to vote in Florida and maintains a Florida driver's license. The defendant's 1997 income tax return identifies Florida as his residence. However, the defendant has spent very little time in Florida in 1998 and expects to identify New York as his residence in filing his 1998 income tax return. In 1997, the defendant spent approximately one-third of his time in Florida.

After marrying, defendant returned to New York and plaintiff returned to Pennsylvania.

Subsequent to the date of marriage, plaintiff spent most of her time in Pennsylvania and defendant spent most of his time in New York. The parties were together most weekends. Defendant would come to Pennsylvania on either Thursday or Friday and the parties would be together at the Beaver County, Pennsylvania residence until the defendant would return to New York on Monday. Plaintiff would also travel to New York on weekends to be with defendant and on a few occasions the parties were together at the Florida residence.

Defendant received bills and personal mail at the Pennsylvania residence, maintained a full wardrobe for every season of the year at the Pennsylvania residence and obtained a family membership at the Beaver Country Club located in Beaver County, Pennsylvania. The parties spent all holidays at the Pennsylvania residence, but traveled elsewhere during the holiday season.

The parties had a temporary separation in 1997 from a date in April until May 6, 1997.

In June of 1997, plaintiff and defendant jointly signed a lease for a residence in Lawrence County, Pennsylvania. Defendant prepaid the one-year lease in full. All of the utilities for the leased premises were opened in the name of the defendant.

The defendant leased an automobile in New Jersey in both names and it was provided to the plaintiff for her use. The plaintiff maintained possession of the automobile in Pennsylvania. The automobile was registered in Pennsylvania.

When defendant came to Pennsylvania during the marriage, the parties would together attend marriage counseling sessions with a psychotherapist in Sewickley, Pennsylvania, and would customarily shop in Pittsburgh, Pennsylvania.

During the marriage, and prior to separation, the parties incorporated a business, with its principal location in Pennsylvania, which corporation maintained a Pennsylvania corporate bank account into which defendant would deposit funds. The business, although a Delaware corporation, operated exclusively from the Pennsylvania office. Defendant maintained an ownership interest in the Pennsylvania corporation.

The final separation of the parties occurred in January of 1998. After separation, plaintiff continued to reside in Lawrence County, Pennsylvania, and defendant has continued to reside in New York.

In support actions, the Domestic Relations Code provides as follows:

"The Supreme Court shall by general rule establish procedures for the exercise of long-arm jurisdiction to . . . establish and enforce support. Long-arm jurisdiction shall be used in preference to proceedings under chapter 45 (footnote: 23 Pa.C.S. §4501 et seq.) (relating to reciprocal enforcement of support orders) unless it would be

more effective to proceed otherwise. Long-arm proceedings may be commenced or continued in any county where the plaintiff resides regardless of whether the parties maintained a family domicile in that county." 23 Pa.C.S. §4342(d).

The Pennsylvania Long-Arm Statute, 42 Pa.C.S. §5322, is divided into two sections. Section (a) contains 10 subsections, which identify specific types of contact which will be deemed sufficient to warrant the exercise of long-arm personal jurisdiction. However, the court finds that subsection (a) has little applicability to the case at bar where the question is whether the defendant has the requisite minimum contacts with Pennsylvania to justify the exercise of jurisdiction as a matter of federal constitutional law.

Any contacts found to exist in subsection (a) would necessarily be included in an analysis under subsection (b). The applicable portion of the Pennsylvania Long-Arm Statute, at 42 Pa.C.S. §5322(b), is set forth as follows:

"(b) Exercise of full constitutional power over nonresidents.—In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5302 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."

The Pennsylvania Long-Arm Statute permits the courts of this Commonwealth to exercise personal jurisdiction over nonresident defendants to the fullest extent allowed under the Constitution of the United States. Therefore, the court needs only to decide whether holding the defendant subject to a support proceeding in Pennsylvania

would be a violation of due process. See *Scoggins v. Scoggins,* 382 Pa. Super. 507, 555 A.2d 1314 (1989).

The *Scoggins* case contains a review of the Pennsylvania Long-Arm Statute, 42 Pa.C.S. §5322, and the federal constitutional restrictions that apply in the exercise of that statute. *Scoggins* quoted the landmark case of *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), as follows:

"[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Scoggins v. Scoggins,* 382 Pa. Super. at 517, 555 A.2d at 1319.

The Superior Court in *Scoggins* further stated:

"The nature of the required 'minimum contacts' has generally been given broad interpretation and emphasis has been placed upon the aspect of fair play and substantial justice . . . .

"While the interest of the forum state and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice are to be considered, 'an essential criterion in all cases is whether the "quality and nature" of the defendant's activity is such that it is "reasonable" and "fair" to require him to conduct his defense in . . . [the forum] state.' *Kulko v. Superior Court of California,* [436 U.S. 84] at 92, 98 S.Ct. [1690] at 1697, 56 L.Ed.2d [132] at 141 [1978] quoting *International Shoe Co. v. Washington, supra,* 326 U.S. at 316-17, 66 S.Ct. at 159, 90 L.Ed. at 103. Thus, the existence of personal jurisdiction generally depends upon the presence of reasonable notice to the defendant that an action has been brought, and a sufficient connection between the defendant and the forum state to make it fair to require defense of the

action in the forum state." *Scoggins v. Scoggins,* 382 Pa. Super. at 517-18, 555 A.2d at 1319-20. (footnotes omitted)

The *Scoggins* court further noted that in some instances, "the mere fact of prior residence without establishing domicile may provide minimum contacts sufficient to justify the exercise of long-arm jurisdiction." *Scoggins v. Scoggins,* 382 Pa. Super. at 522, 555 A.2d at 1322. The distinction between residence and domicile is that domicile is a matter of intention whereas residence is a physical fact. *Bernhard v. Bernhard,* 447 Pa. Super. 118, 668 A.2d 546 (1995).

Here, although the parties maintained a nontraditional marriage relationship, Pennsylvania is the state that has had the more significant connection with the marital relationship of the parties. Although the court does not conclude that the defendant established a domicile in Pennsylvania, nevertheless, the defendant did reside with the plaintiff in Pennsylvania on a part-time basis. It is significant that in no other state did the parties establish a marital residence or domicile. Most of the attributes of the marriage, as nontraditional as they may have been, were experienced in Pennsylvania. The defendant executed a real estate lease agreement with plaintiff for a residence in Lawrence County that plaintiff utilized full-time and defendant shared part-time; defendant leased an automobile that he maintained at the marital residence in Pennsylvania and registered in Pennsylvania; defendant maintained clothing and golf clubs at the marital residence in Pennsylvania and purchased a family membership in a Pennsylvania country club; defendant incorporated a business which he owned in conjunction with the plaintiff, which business operated principally in Pennsylvania; defendant received mail at the Pennsylvania marital residence, obtained utilities to serve the

marital residence in his name and spent all major holidays in Pennsylvania.

The *Scoggins* court also referred to the Alabama Supreme Court case of *Brislawn v. Brislawn,* 443 So.2d 32 (Ala. 1983). In *Brislawn,* the parties married in Alabama and spent the following 10 days in Alabama before departing to West Germany for a tour of military duty. The parties separated and wife returned to the United States. Husband did not return with wife. In holding that in personam jurisdiction could be exercised over the nonresident husband without violating constitutional due process requirements, the Alabama Supreme Court reasoned that Alabama was the only place in the United States where the parties had lived together as husband and wife. Therefore, Alabama had a more significant connection with the marital relationship of the parties than any other jurisdiction in the United States. The reasoning of the Alabama Supreme Court applies to the case at bar where the evidence established that no other jurisdiction has a more significant connection with the marital relationship than does Pennsylvania.

Courts of other states have similarly found in personam jurisdiction to exist in a state that did not qualify as the state of the marital domicile.

In *Williams v. Williams,* 121 N.H. 728, 433 A.2d 1316 (1981), the Supreme Court of New Hampshire held that in personam jurisdiction could be exercised over the nonresident marital domicile where the defendant owned real estate jointly with the plaintiff, jointly opened a bank account and certificate of deposit in New Hampshire, sent her children to school and to summer camp in New Hampshire and spent several months of each year for eight years with the plaintiff-husband in New Hampshire.

In *Hann v. Hann,* 175 N.J. Super. 608, 421 A.2d 607 (1980), in personam jurisdiction was found to exist over

a nonresident, nondomiciliary defendant-husband in New Jersey despite the fact that husband and wife had resided together in Pennsylvania during their 40-year marriage prior to wife's leaving the marital home where husband and wife jointly owned rental property in New Jersey, husband had previous contacts in New Jersey to work on such properties, and husband, after separation, had significant contacts in New Jersey while driving around wife's place of employment and up and down the street where wife resided.

The defendant has placed significant reliance upon *Milam v. Milam*, 450 Pa. Super. 597, 677 A.2d 1207 (1996), which found that the Pennsylvania court could not exercise personal jurisdiction over the defendant-husband even though husband and wife had rented an apartment in Pennsylvania and applied for a marriage license in Pennsylvania. However, the *Milam* case is distinguishable because that case turned on the issue of whether or not the defendant had established a domicile in Pennsylvania. The *Milam* court found that the defendant had not established a domicile in Pennsylvania. Defendant's residency in Pennsylvania was strictly temporary, as defendant was a member of the military, and his domicile remained the domicile that the defendant had before he joined the military. The court in *Milam* therefore found that defendant's temporary residency could not serve as the basis for in personam jurisdiction. Here, defendant's presence in Pennsylvania, although part-time, was not temporary. There is no evidence that defendant intended a temporary stay in Pennsylvania. The parties had made no specific plans to establish a marital residence in any other state.

*Milam* specifically found that domicile did not exist in Pennsylvania and there were no other contacts by defendant with the state of Pennsylvania. Here, domicile is

not the issue, but, rather, the substantial number of contacts and the quality of those contacts which the defendant has with Pennsylvania and the lack of any basis upon which to find that those contacts were intended to be temporary in nature.

The court concludes that the nature and quantity of defendant's contacts with Pennsylvania constitutes sufficient minimum contacts so that the exercise of in personam jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. The defendant chose to partake of the benefits of marriage in Pennsylvania and, to the extent that he lived a married life, he did so to a substantial degree within Pennsylvania. Having done so, he should not be heard to complain that he must now defend a support proceeding arising out of that marriage, in a Pennsylvania court.

## ORDER

And now, February 22, 1999, for the reasons set forth in the opinion of even date herewith, it is ordered, adjudged and decreed that the defendant's motion to dismiss is denied. The order of court dated February 18, 1999 issuing a stay is rescinded.