J-A03024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ERIN PATRICIA TOKASH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY LAWRENCE TOKASH | |
| Appellant | No. 879 EDA 2015 |

Appeal from the Order February 24, 2015
In the Court of Common Pleas of Bucks County
Civil Division at No(s): A06-12-61573-D-36

BEFORE:  GANTMAN, P.J., MUNDY, J., and DUBOW, J.

MEMORANDUM BY MUNDY, J.:                **FILED May 11, 2016**

Appellant, Jeffrey Lawrence Tokash (Husband), appeals from the February 24, 2015 order finding him in contempt and imposing sanctions. The order was in response to a motion filed by Appellee, Erin Patricia Tokash (Wife), averring Husband was not in compliance with the trial court's prior orders respecting alimony pendent lite (APL). On appeal, Husband solely challenges the trial court's subject matter jurisdiction.  After careful consideration, we affirm.

The trial court summarized the procedural history of this case as follows.

> [The Parties] were married in 1998 in North Carolina, where they lived from 2002-2008.  In 2008, [Husband] began employment as a

commercial airline pilot in Dubai, United Arab Emerites [sic]. …

On July 27, 2012, … [Wife] filed for divorce from [Husband]. … In October 2013, current counsel entered his appearance for [Husband], for the "limited purpose" of addressing jurisdictional issues. On November 4, 2013, … [Husband] filed preliminary objections. At that time, [the trial court] comprehensively considered [Husband's] preliminary objections in this divorce matter, which challenged [the trial court's] subject matter jurisdiction and *in personam* jurisdiction over [Husband]. [The trial court's] determination and Order of May 6, 2014 denied and dismissed the preliminary objections, finding both subject matter jurisdiction and *in personam* jurisdiction were appropriate in Bucks County. Following [the trial court's] subsequent Order of May 30, 2014 denying [Husband's] motion for reconsideration, [Husband] proceeded to file an appeal in the Pennsylvania Superior Court. Thereafter, Mr. Tokash sought to have the Superior Court re-style his appeal of our interlocutory order as Petition for Review. On June 24, 2014, the Superior Court denied [Husband's] petition for permission to appeal (review) our Order, finding, in part, as follows:

> [Husband] has not demonstrated that the underlying order implicates a controlling question of law as to which there is a substantial ground for difference of opinion or established that an immediate appeal may materially advance the ultimate termination of the matter. *See Commonwealth v. McCurren*, 945 A. 2d 194 (Pa, Super. 2008) (petition for Interlocutory review must, on its face, contain sufficient averments that would warrant review of interlocutory order by Superior Court); *Borough of Mifflinburg .v. Heim*, 705 A.2d 456 (Pa Super. 1997) (party filing petition for review should include all components required for permission to appeal). Accordingly, [Husband] has not

- 2 -

demonstrated that the trial court's refusal to amend the underlying order for interlocutory appeal is "so egregious as to justify prerogative appellate correction." Pa.R.A.P. 1311 Note[.]

Following the above ruling, on July 7, 2014, [Husband] filed a petition to withdraw and discontinue his appeal in Superior Court.

Thereafter, [Wife] filed several petitions for contempt, a motion to compel and a motion for sanctions, as well as a motion for a protective order in response to [Husband's] motion to compel [Wife's] deposition. A hearing before [the trial court] was scheduled for November 7, 2014. No evidentiary record was established on that date. Instead, the undersigned extensively conferenced with counsel, and in an effort to globally address the many pending motions, counsel for both parties agreed to jointly craft a case management order. Those efforts by counsel were ultimately unsuccessful.

Thereafter, [Wife] renewed her petition to the Court to be heard as to [Husband's] continuous contemptuous conduct, as well as to create an evidentiary record. That petition resulted in the hearing of February 10, 2015. [Husband] continues to be represented by the same counsel, and our clear recollection of that hearing is that a proposed order was presented by [Wife's] counsel. With [the trial court's] assistance, counsel considered language (paragraph by paragraph) acceptable to the parties in finalizing such an order.

Trial Court Opinion, 5/13/15, at 2-5 (footnotes omitted).

On February 24, 2015, the trial court entered an order that, *inter alia*, appointed a receiver, issued a bench warrant against Husband, ordered any tax refund due Husband be intercepted, ordered judgment be entered against Husband for APL arrears, ordered suspension of Husband's driver's

- 3 -

license, and awarded counsel fees to Wife. Trial Court Order, 2/24/15, at 1-3. On March 20, 2015, Husband filed a timely notice of appeal.[1]

On appeal, Husband raises the following issue for our review.

> Where neither party resided in Pennsylvania since 2003, and neither party was in the military at any time relevant to these proceedings, did the trial court commit an error of law and/or an abuse of discretion in determining that it has subject matter jurisdiction, in refusing to revisit that issue and in entering the February 24, 2015 contempt and sanctions order and the predicate August 4, 2014 and October 2, 2014 APL orders?

Husband's Brief at 23.[2]

We first address Wife's claims that Husband has waived the jurisdictional issue he raises on appeal.[3] Wife advances three arguments in

---

[1] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[2] We restate Husband's issue as framed in the argument section of his brief. Husband lists seven, albeit overlapping, issues in the "Statement of Questions Presented" section of his brief, which correspond to the issues listed in his Rule 1925(b) statement. *See* Husband's Brief at 7-8; Concise Statement of Errors Complained of on Appeal, 4/16/15, at 1-2. Contrary to Pennsylvania Rule of Appellate Procedure 2119, Husband has not divided his argument "into as many parts as there are questions to be argued." *See* Pa.R.A.P. 2119(a), 2116(a). Husband states, "[i]t is unnecessary to set [the questions presented] forth in the body of this brief, and discuss them separately, because they are all interrelated and are subsumed under the single question presented above." Husband's Brief at 23. Because the consolidated issue, as argued, is fairly suggested by the issues stated in Husband's Rule 1925(b) concise statement and has been addressed by the trial court we do not deem our review impaired. *See* Pa.R.A.P. 2116(a).

[3] On September 15, 2015, during the pendency of this appeal, Wife filed a motion to quash Husband's appeal, citing several grounds. *See* Application
*(Footnote Continued Next Page)*

support of her contention that Husband's appeal should be quashed or dismissed. Wife first avers that because "the Order appealed from addresses the obstreperous conduct of [Husband], it is those facts of record leading to that conclusion by Judge Gilman that [Husband] must challenge in the instant appeal, because he is basing his alleged errors on that Order." Wife's Brief at 16 (emphasis in original). Because Husband raises no argument as to the merits of the February 24, 2015 contempt order, Wife contends his appeal should be quashed. *Id.* However, Husband's central claim is that the trial court lacks subject matter jurisdiction over the parties divorce action and consequently lacks jurisdiction to entertain Wife's contempt petition, rendering the February 24, 2015 contempt order void. Husband's Brief at 24.

> As with any issue going to the subject matter jurisdiction of a court … to act in a matter, this is an issue that cannot be waived by the parties nor can the parties confer subject matter on a court or tribunal by agreement or stipulation. Since an issue of subject matter jurisdiction is not waivable, it may be raised at any stage of a proceeding by a party, or *sua sponte* by the court or agency.

*Blackwell v. Com., State Ethics Com'n*, 567 A.2d 630, 636 (Pa. 1989). The fact that Husband limits his appeal to the threshold jurisdictional issue, is not a basis to dismiss his appeal.

*(Footnote Continued)* ————————————
for Relief, 9/15/15, at 5-6 ¶¶ 25-29. This Court denied the motion without prejudice to Wife to raise her issues before the merits panel. *See Per Curium* Order, 11/4/15, at 1. Wife has re-raised the issues in her appellee brief. *See* Wife's Brief at 16-20.

Wife also urges dismissal based on the following.

> The issue of subject matter jurisdiction that [Husband] has placed before this Court has already been raised and ruled upon by [the trial court], as well as, by this Honorable Court. Therefore, these facts of record render this appeal moot under Pa.R.A.P. 1972(a)(4) [(authorizing a party to move for dismissal of an appeal on the ground of mootness)], as well as under the principles of collateral estoppel, and consequently should be dismissed because Husband is asking this Court to, in effect, "reverse" its prior ruling.

Wife's Brief at 19 (citations omitted).

Wife misconstrues the prior actions of this Court. As noted in the foregoing recitation of the procedural history of this case, Husband challenged the subject matter jurisdiction of the trial court to preside over the parties' divorce case based on the alleged lack of requisite residency or domicile. On May 6, 2014, the trial court denied Husband's preliminary objections on the issue, determining it had subject matter jurisdiction. The trial court's order was interlocutory, and not immediately appealable. Husband, nevertheless, sought an interlocutory appeal by permission. *See* Pa.R.A.P. 312, 1311. This Court determined Husband did not meet the facial threshold requirement to permit an interlocutory appeal under Rule 1311. *Per Curiam* Order, 6/24/14, at 1, 73 EDM 2014 (Pa. Super 2014). Importantly, we did not reach the merits of Husband's claims or make any determination as to whether the trial court's exercise of jurisdiction in this case is proper.

The instant appeal is from an order in a contempt proceeding collateral to the divorce action. Because the order finding Husband in contempt imposes sanctions, it is a final appealable order. **See Rhoades v. Pryce**, 874 A.2d 148, 151 (Pa. Super. 2005) (stating, "[g]enerally, an order finding a party in contempt is interlocutory and not appealable unless it imposes sanctions") (citation omitted), *appeal denied*, 899 A.2d 1124 (Pa. 2006).

Because the question of the trial court's subject matter jurisdiction over the contempt proceeding is identical to the question of its jurisdiction over the divorce action, the issue is properly raised in the instant appeal. Accordingly, the issue of the trial court's subject matter jurisdiction is not moot or barred by collateral estoppel.[4] We, therefore, decline to dismiss Husband's appeal.

Proceeding to the merits of Husband's claims, we first note the following principle guiding our review. "Generally, subject matter jurisdiction has been defined as the court's power to hear cases of the class to which the case at issue belongs." **Verholek v. Verholek**, 741 A.2d 792,

---

[4] Wife also claims that Husband's failure to insure a transcript of the February 10, 2015 contempt hearing requires dismissal of his appeal. Wife's Brief at 18. However, as Husband clarifies, the trial court had previously ruled on Husband's jurisdictional challenge and did not reconsider the issue during the contempt proceeding. Rather it is the trial court's May 30, 2014 order denying Husband's preliminary objections and its May 30, 2014 order denying reconsideration that is relevant to the issue on appeal. Accordingly, the absence of the February 10, 2015 transcript does not inhibit our ability to address the issue presented. Finally, Wife urges dismissal of the appeal for briefing irregularities by Husband. We addressed those concerns in footnote 2, *supra*.

798 (Pa. Super. 1999) (citation omitted), *appeal denied*, 759 A.2d 388 (Pa. 2000). "When a party raises preliminary objections challenging subject matter jurisdiction, the trial court's function is to determine whether the law will bar recovery because of the lack of such jurisdiction." **Bernhard v. Bernhard**, 668 A.2d 546, 548 (Pa. Super. 1995).

"It is quite clear that the trial court has jurisdiction over the parties' divorce as a matter of Pennsylvania domestic law. Jurisdiction over a divorce is a function of the domicile of the individuals involved in the divorce." **Sinha v. Sinha**, 834 A.2d 600, 603 (Pa. Super. 2003), *appeal denied*, 847 A.2d 1288 (Pa. 2004).

### § 3104. Bases of jurisdiction

…

**(b) Residence and domicile of parties.--**No spouse is entitled to commence an action for divorce or annulment under this part unless at least one of the parties has been a bona fide resident in this Commonwealth for at least six months immediately previous to the commencement of the action. Both parties shall be competent witnesses to prove their respective residence, and proof of actual residence within this Commonwealth for six months shall create a presumption of domicile within this Commonwealth.

**(c) Powers of court.--**The court has authority to entertain an action under this part notwithstanding the fact that the marriage of the parties and the cause for divorce occurred outside of this Commonwealth and that both parties were at the time of the occurrence domiciled outside this Commonwealth. The court also has the power to annul void or voidable marriages celebrated outside

> this Commonwealth at a time when neither party was domiciled within this Commonwealth.
>
> …

23 Pa.C.S.A. § 3104(a), (b).

> "*Bona fide* residence" means domicile; *i.e.*, actual residence coupled with the intention to remain there permanently or indefinitely. Mere absence from a domicile, however long continued, cannot effect a change of domicile; there must be an animus to change the prior domicile for another. Furthermore, there is a presumption that the original domicile continues and a person asserting a change of domicile must demonstrate such change by clear and convincing proof.

***Zinn v. Zinn***, 475 A.2d 132, 133 (Pa. Super. 1984) (citations omitted).

"Such an absence from one's domicile because of employment is not sufficient to defeat the establishment of a true, fixed, permanent home and principal establishment." ***Bell v. Bell***, 473 A.2d 1069, 1077 (Pa. Super. 1984) (internal quotation marks and citations omitted).

> Thus, it seems that a person's domicile is increasingly being determined by close scrutiny of his subjective intentions or state of mind as to whether or not he considers a particular place to be his home. Therefore, [i]ntent, being purely subjective, must to a large extent be determined by the acts which are manifestations of the intent.

***Bernhard***, ***supra*** at 550 (internal quotation marks and citations omitted).

"Because [i]ntention is a thought known only to the person who has it[, w]ith our limited ability to extract the thoughts of another against his will, we must rely upon what he says his thoughts are and what his acts indicate

his thoughts to be." ***Bell***, ***supra*** at 1075-1076 (internal quotation marks and citations omitted). "Because the issue of domicile is a mixed question of law and fact, it is reviewable by our appellate courts." ***Bernhard***, ***supra*** at 549-550 (citation omitted). "It is hornbook law that as a pure question of law, the standard of review in determining whether a [trial] court has subject matter jurisdiction is *de novo* and the scope of review is plenary. ***S.K.C. v. J.L.C.***, 94 A.3d 402, 406 (Pa. Super. 2014) (internal quotation marks and citation omitted).

Husband claims that neither he nor Wife was a *bona fide* resident of Pennsylvania at the time of the filing of the divorce or for the six months immediately prior thereto. Husband's Brief at 24. Accordingly, Husband avers the trial court erred in its determination to the contrary, and in its conclusion that it had subject matter jurisdiction over the divorce case initiated by Wife. ***Id.*** at 20-21. Specifically, Husband asserts that the definition of "*bona fide* resident" includes actual residence, and that "[t]he terms domicile and residence are not interchangeable; whereas <u>residence is a physical fact</u>, domicile is a matter of intention." ***Id.*** 25-26, *quoting* ***Bernhard***, ***supra*** at 550 (emphasis added by Husband). Husband argues that the trial court's finding that the parties were *bona fide* residents of Pennsylvania during the six months prior to the filing date of the complaint is based in part on certain factors that are not part of the record. ***Id.*** at 30-

33.  Husband also argues that the trial court misstates the legal significance of other circumstances.  ***Id.***

In her divorce complaint, Wife asserted Pennsylvania residency for both parties.

>  1. Plaintiff is Erin Patricia Tokash, an adult individual who currently resides at 19907 Shearwater Point, Cornelius, North Carolina.
>
>  2. Defendant is Jeffrey Lawrence Tokash, an adult individual who currently resides at 869 Breckenridge Court, New Hope, Bucks County, Pennsylvania.
>
>  3. The Plaintiff has been a *bona fide* resident in the Commonwealth of Pennsylvania for a period of at least six (6) months immediately previous to the filing of this Complaint.

Divorce Complaint, 7/27/12, at 1.

In his preliminary objections, Husband asserted these averments were false.

>  6. The Complaint alleges in paragraph #3 that "Plaintiff has been a *bona fide* resident in the Commonwealth of Pennsylvania for a period of at least six (6) months immediately previous to the filing of this Complaint" but that averment is not true.
>
>  7. Neither Plaintiff nor Defendant had been *bona fide* residents of Pennsylvania within six months prior to the filing of the Complaint.

Preliminary Objections, 11/4/13, at 2.

Husband's central issue is his contention that "[e]xcept in the circumstances of military service, there are two prongs which a plaintiff must

- 11 -

satisfy to establish *bona fide* residency—domicile <u>and</u> actual physical residency." Husband's Brief at 25 (emphasis in original). He avers, "as a matter of clear fact, neither party satisfies the actual residency requirement of Section 3104(b)." *Id.* at 24. Husband's focus, however, is on the six months immediately preceding the filing of the divorce complaint. *Id.* at 25. While residency must be maintained during that period, the initial physical residency need not have occurred then. Husband concedes that Wife stayed physically at 869 Breckinridge Court in New Hope, Pennsylvania, for a brief time prior to joining him in Dubai.[5] *Id.* at 17. He contends, however, that this stay was without any intent to establish the address as the parties' residence. *Id.* at 30.

In their respective pleadings, memoranda of law and arguments to the trial court in support or opposition to Husband's preliminary objections, the parties attached various exhibits and recounted various actions taken by them in the course of their relocation to Dubai and afterward. They argue these shed light on their intent with respect to domicile. These exhibits include the parties' tax returns, driver's licenses, passports, voter registrations, employment documentation, and financial data. *See* Memorandum of Law in Opposition to Preliminary Objections, 12/12/13, at exhibits D-G. The trial court examined the various actions taken by the

_____

[5] The New Hope property was at the time, and remains currently, owned by Husband's sister and brother-in-law. The trial court considered this fact but did not deem it dispositive to the issue of the parties intended residency.

parties in connection with their physical move from North Carolina to Dubai and concluded their intent was to establish 869 Breckinridge Court as their actual domicile while Husband remained employed in the United Arab Emirates. Trial Court Opinion, 5/13/15, at 9.

> Such changes included updating their driver's licenses, voter registrations, and the filing of tax returns using the Pennsylvania address. [Husband's] employment information, despite his suggestion that Dubai is now his home, indicates that New Hope, Bucks County is his permanent address. These facts were established as of 2008 through the present, and most importantly, pertain to the six (6) months preceding [Wife's] filing of the divorce complaint.

*Id.*

Husband reviews the factors relied on by the trial court and argues that each is consistent with an explanation of an intent to establish Dubai as the parties' residence.

> There is also no dispute by [Husband] that he has used his sister and brother-in-law's 869 Breckinridge Court, New Hope address for bills, other mail, federal tax filing, voting and driver's license purposes. This was done as a matter of expediency and certainly does not establish the address as either party's actual physical residence.

Husband's Brief at 30-31. "Moreover, from the standpoint of subject matter jurisdiction, the use of a Pennsylvania address for voting, tax or driver's license purposes is, at most, only a factor on the issue of domicile, but on the issue of actual Physical residence it is meaningless." *Id.* at 31.

- 13 -

We conclude the trial court's factual determinations of the uncontested choices and circumstances surrounding the parties' move to Dubai are supported in the record. We additionally conclude those circumstances support the trial court's conclusion that the parties maintained the domiciliary intent to establish Pennsylvania as their residence despite their immediate physical relocation to Dubai. We conclude Wife's physical stay at the Bucks County home, albeit brief, coupled with the parties establishing that address for tax, voting, driver's license, employment and financial purposes was sufficient to create residency with domiciliary intent in Pennsylvania at the time of the parties' move to Dubai. *See*, *Bernhard supra.* Therefore, it became Husband's burden to show, by clear and convincing evidence, any change in residence. *See*, *Zinn supra*. We agree with the trial court that he has not done so. As noted above, "an absence from one's domicile because of employment is not sufficient to defeat the establishment of a true, fixed, permanent home." *Bell*, *supra*.

For the foregoing reasons, we conclude the trial court has subject matter jurisdiction over the parties' divorce action. Consequently, it also has jurisdiction to hear Wife's contempt petition respecting Husband's non-compliance with the trial court's APL orders. Because Husband raises no challenge to the merits of the contempt order, we affirm the trial court's February 24, 2015 order.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2016